TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00660-CV






Texas Department of Transportation, et al., Appellants (1)




v.




City of Sunset Valley, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-05052, HONORABLE PETER M. LOWRY, JUDGE PRESIDING






 The Texas Department of Transportation ("TxDOT") brings this interlocutory
appeal from a district court decision overruling its plea to the jurisdiction and rendering a partial
summary judgment for the City of Sunset Valley ("Sunset Valley") in a suit for inverse
condemnation. In three issues, TxDOT complains that the district court erred in denying its plea
to the jurisdiction because (1) Sunset Valley lacks standing to sue for the physical taking of its
streets, (2) Sunset Valley lacks standing to sue for any injuries that may result from the increased
circuity of travel and noise and light pollution caused by the highway's expansion, and (3) TxDOT
is immune from suit by virtue of the doctrine of sovereign immunity. We will affirm the district
court's ruling.


BACKGROUND


 Sunset Valley is a small general-law municipality that is bifurcated by U.S.
Highway 290 and virtually surrounded by the City of Austin. This dispute arose when TxDOT
expanded U.S. Highway 290 from a small ground-level highway into a multi-level, limited-access
divided highway. As a result of TxDOT's decision to make Highway 290 a controlled-access
highway along the length of Sunset Valley, several streets that had previously crossed or run
alongside the old ground-level highway were affected. Jones Road, an important municipal
artery, was one of the streets affected, and a substantial portion of it had to be closed. This street
had served as a vital transportation link that the residents of Sunset Valley, as well as its police
officers and other emergency personnel, had used to commute between the central and
southwestern portions of the city. After the closure, travel between the two portions was possible
only by traveling along Highway 290's access road to a point outside the city, crossing under, and
then doubling back along the opposite side of Highway 290.

 Sunset Valley has since found it necessary to construct a substitute street in order
to regain the transportation connection it lost as a result of the expansion. The question of who
should pay for this substitute street, along with a multitude of other issues involved in the
construction and completion of Highway 290, was presented to the district court. Sunset Valley
also raised issues of noise and light pollution, charging that TxDOT had failed to perform state
and federally mandated noise-abatement procedures and studies. Sunset Valley moved for partial,
interlocutory summary judgment, and TxDOT responded by filing a plea to the jurisdiction along
with several special exceptions to Sunset Valley's pleadings. The district court denied TxDOT's
plea and special exceptions and granted Sunset Valley's motion for partial, interlocutory summary
judgment on November 9, 1998. The court found that Sunset Valley proved all the elements of
inverse condemnation as a matter of law and that the substitute facilities doctrine was the proper
method of determining the amount of damages incurred by Sunset Valley. The trial court also
found that Sunset Valley was entitled to declaratory relief with respect to its noise pollution
claims, but that it was not entitled to relief in the form of an injunction or mandamus. TxDOT
now challenges the district court's denial of its plea to the jurisdiction in this interlocutory appeal,
arguing (1) that Sunset Valley lacks standing to sue for inverse condemnation, (2) that Sunset
Valley lacks standing to bring its claims for damages resulting from increased circuity of travel
and noise and light pollution, and (3) that TxDOT is immune from suit for declaratory relief by
virtue of the doctrine of sovereign immunity.


DISCUSSION

Interlocutory Appeal

 In bringing this appeal, TxDOT must of necessity rely solely on section
51.014(a)(8) of the Texas Civil Practice and Remedies Code, which provides that "[a] person may
appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction
by a governmental unit as that term is defined in Section 101.001." (2) Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (West Supp. 1999). A plea to the jurisdiction contests the trial court's
authority to adjudicate the subject matter of the cause of action. See Dolenz v. Texas State Bd.
of Med. Exam., 899 S.W.2d 809, 811 (Tex. App.--Austin 1995, no writ); Schulz v. Schulz, 726
S.W.2d 256, 257 (Tex. App.--Austin 1987, no writ). In a proper plea to the jurisdiction, a
defendant contends that, even if all the allegations in a plaintiff's pleadings are taken as true, there
is an incurable jurisdictional defect apparent from the face of the pleadings. See Firemen's Ins.
Co. v. Board of Regents of Univ. of Tex. Sys., 909 S.W.2d 540, 541 (Tex. App.--Austin 1995,
writ denied) (citing Bybee v. Fireman's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960));
Washington v. Fort Bend Indep. Sch. Dist., 892 S.W.2d 156, 159 (Tex. App.--Houston [14th
Dist.] 1994, no writ). In reviewing the grant or denial of a plea to the jurisdiction, we do not
look at the merits of the case. See Firemen's Ins. Co., 909 S.W.2d at 541. This Court recently
held that a governmental unit is free to appeal a trial court's denial of its plea to the jurisdiction
under section 51.014(a)(8), regardless of the basis on which it asserts a lack of jurisdiction. See
City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex. App.--Austin 1998, no pet.). 
Thus, a government unit's plea to the jurisdiction need not be based upon a claim of sovereign
immunity in order for it to bring an interlocutory appeal under section 51.014(a)(8). See id. 
Nevertheless, because the statute authorizing interlocutory appeals is a narrow exception to the
general rule that only final judgments and orders are appealable, we must give it a strict
construction. See id. at 753; America Online, Inc. v. Williams, 958 S.W.2d 268, 271 (Tex.
App.--Houston [14th Dist.] 1997, no pet.); Tober v. Turner of Texas, Inc., 668 S.W.2d 831, 835
(Tex. App.--Austin 1984, no writ). Thus, we will limit our discussion to the narrow issue that is
before us, the question of whether the trial court erred in denying TxDOT's plea to the
jurisdiction.


Standing

 We first address TxDOT's argument that the district court erred in overruling its
plea to the jurisdiction because Sunset Valley lacks standing to sue TxDOT for the appropriation
of Jones Road. In order for a court to have subject matter jurisdiction, the party bringing suit
must have standing. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443-46
(Tex. 1993). To establish standing, a party must show that (1) a real controversy exists between
the parties and (2) the controversy will actually be determined by the judicial relief sought. See
id. at 446.

 TxDOT argues that because a city's interest in its streets is subordinate to the
interests of the State, and since the legislature has provided TxDOT statutory authority to
appropriate city streets for the construction of controlled-access highways, Sunset Valley cannot
successfully bring an action against the State for TxDOT's appropriation of its streets. See City
of Mission v. Poppywell, 294 S.W.2d 712, 715 (Tex. 1956) (holding that legal title to city streets
belongs to State and that cities' authority and control limited to extent delegated by legislature or
state constitution); Tex. Transp. Code Ann. § 203.003 (West Supp. 1999) (authorizing
transportation commission to exercise powers to lay out, construct, maintain, and operate a state
highway in a county or municipality without consent of county or municipality). TxDOT contends
that because Sunset Valley cannot successfully bring an action for the taking of its streets, it has
no claim and ultimately lacks standing to bring suit. We disagree with this analysis.

 Although TxDOT characterizes this as an issue of standing, in reality TxDOT is
seeking a determination of this case on the merits. TxDOT confuses the jurisdictional question
of whether Sunset Valley has standing to bring a cause of action for the State's appropriation of
city streets with the substantive issue of whether Sunset Valley should prevail on the merits of its
case. TxDOT is attempting to meld its appeal of the denial of its plea to the jurisdiction with an
appeal of the partial summary judgment rendered against it by the trial court. (3) As we have stated
previously, this Court is not authorized to review the merits of Sunset Valley's claims in this
interlocutory appeal. We decline to permit TxDOT to use this interlocutory appeal as a vehicle
to circumvent the bounds set by the statute in order to obtain judicial review of the merits of
Sunset Valley's case before the district court has rendered a final judgment. (4)

 Certainly, a city has standing to bring suit against the State for appropriation of that
city's streets, regardless of whether its action is ultimately unsuccessful. TxDOT cites no case
law in support of its contention that municipalities lack standing to sue the State for the physical
appropriation of city streets. Likewise, we are unable to find any authority supporting this
argument. Here, Sunset Valley has pleaded that it has a justiciable interest in the street that was
taken and that as a city, it has an interest in maintaining its streets for its residents. Cities have
always had standing to litigate issues involving their entitlement to public property in suits against
other state governmental entities. (5)

 In asserting a claim to the streets that run within its boundaries, Sunset Valley has
shown that a controversy exists as to the nature and extent of its interest in its streets and the
State's responsibility for compensation. The ultimate question of whether Sunset Valley can
prevail in its suit against TxDOT is a matter for the trial court to decide on the merits. "A plea
to the jurisdiction of the trial court is not sustainable where the contention is to the effect that the
plaintiff has falsely stated a claim which, in fact, is nonexistent, for this is a matter of defense on
the merits." Bernard Hanyard Enters., Inc. v. McBeath, 663 S.W.2d 639, 642 (Tex. App.--Austin
1983, writ ref'd n.r.e.). Because TxDOT has not presented this Court with a true jurisdictional
issue, we overrule appellant's first issue.


Circuity of Travel, Noise and Light Pollution

 Having determined that Sunset Valley has standing to sue for the physical taking
of its streets, we now address TxDOT's argument that Sunset Valley has no standing to sue
TxDOT for any injuries resulting from increased circuity of travel and the light and noise
pollution resulting from the expansion of Highway 290. In support of this argument, TxDOT
states in its brief that whether there has been a material and substantial impairment of access or
whether there exists an issue of increased circuity of travel is a question of law that must be
decided by the trial court. See State v. Wood Oil Distrib. Co., 751 S.W.2d 863, 865 (Tex. 1988). 
TxDOT adds that the burden of proving a compensable impairment of access is upon the
landowner and that if the reconfiguration has caused only an increased circuity of travel, any
injury suffered by Sunset Valley is noncompensable. See id.; State v. Westgate, 798 S.W.2d 903,
906-7 (Tex. App.--Austin 1990), aff'd, Westgate v. State, 843 S.W.2d 448 (1992).

 Once again, TxDOT is attempting to reach beyond the narrow jurisdictional issue
before us in order to argue its case on the merits. If a judicial determination of the issue of
increased circuity of travel is necessary and the burden of proof is upon the landowner to prove
a compensable impairment of access, surely that same landowner has standing to bring the action
necessary to receive this judicial determination. TxDOT cannot successfully argue that because
a defense of circuity of travel may exist, Sunset Valley has no standing to bring suit in the first
place. TxDOT's circuity-of-travel contentions concern questions of compensable injuries and the
measure of damages, which are questions on the merits, not jurisdictional issues. Likewise,
TxDOT's argument that Sunset Valley's claims for injuries resulting from the noise and light
pollution caused by the highway expansion are not compensable again goes to the merits of the
case and not to the jurisdictional issue of standing. The fact that Sunset Valley has alleged injury
to the public it represents is enough to confer standing. We overrule TxDOT's second issue.


Sovereign Immunity

 In its third and final issue, TxDOT argues that the district court erred in denying
its plea to the jurisdiction because it is immune from suit pursuant to the doctrine of sovereign
immunity, specifically with respect to Sunset Valley's request for declaratory judgment on its
noise and light pollution claims. TxDOT complains that this declaratory relief compels the State
through its officials to perform certain acts without the required legislative consent. See Griffin
v. Hawn, 341 S.W.2d 151, 153 (Tex. 1960) (holding that where purpose of proceeding against
state officials is to control action of State, suit is against State and cannot be maintained without
legislature's consent).

 First, TxDOT mischaracterizes the trial court's judgment. In its partial,
interlocutory summary judgment, the trial court granted TxDOT's jurisdictional challenge to
Sunset Valley's request for relief by mandamus and denied Sunset Valley's request for an
injunction. The only relief that the court granted Sunset Valley was a declaratory judgment with
respect to its claim for noise pollution. Contrary to TxDOT's assertions, this relief does not
require the State to take any action. The trial court expressly rejected any such relief when it
denied Sunset Valley's requests for a mandamus and injunction. 

 Furthermore, although the State as sovereign is generally immune from both
liability and suit without its consent, actions for inverse condemnation brought pursuant to article
I, section 17 of the Texas Constitution (6) comprise a limited exception to the doctrine of sovereign
immunity. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997); State v.
Biggar, 848 S.W.2d 291, 295 (Tex. App.--Austin 1993), aff'd, 873 S.W.2d 11 (1994). When a
governmental entity takes, damages, or destroys property for public use, the Constitution waives
the governmental entity's immunity from both suit and liability. See Steele v. City of Houston,
603 S.W.2d 786, 791 (Tex. 1980); Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 596
(Tex. App.--Austin 1991, writ denied). A claim for nuisance is an alternative ground of recovery
under article 1, section 17 and is also an exception to sovereign immunity. See Tarrant County
v. English, 989 S.W.2d 368, 374 (Tex. App.--Fort Worth 1998, pet. denied); Golden Harvest Co.
v. City of Dallas, 942 S.W.2d 682, 688-90 (Tex. App.--Tyler 1997, writ denied) (holding
sovereign immunity does not make city immune from action for nuisance caused by city's non-negligent or intentional acts where suit brought under article I, section 17 of Constitution). 
Because Sunset Valley's entire claim is in the nature of a takings claim and the declaratory relief
of which TxDOT complains involves a nuisance claim for noise and light pollution, TxDOT
cannot successfully assert sovereign immunity from suit. Accordingly, we overrule TxDOT's
final issue.


CONCLUSION

 Having overruled all three issues TxDOT raised in this interlocutory appeal, we
affirm the trial court's denial of TxDOT's plea to the jurisdiction.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: December 16, 1999

Publish

1. Appellants include the Texas Department of Transportation; Charles W. Heald, both
individually and in his official capacity as Executive Director of the Texas Department of
Transportation; Anne S. Wynne, both individually and in her official capacity as Commissioner
of the Texas Department of Transportation; Robert L. Nichols, both individually and in his
official capacity as Commissioner of the Texas Department of Transportation; and David M.
Laney, both individually and in his official capacity as Commissioner of the Texas Department
of Transportation.
2. Section 101.001 defines "governmental unit" to include "a political subdivision of this state,
including any city." Tex. Civ. Prac. & Rem. Code Ann. §101.001(3)(B) (West Supp. 1999).
3. We note that in its motion filed with the district court, entitled "Defendant's First Amended
Pleas to the Jurisdiction and Special Exceptions to Plaintiff's Amended Motion for Partial,
Interlocutory Summary Judgment," TxDOT sought to attack Sunset Valley's motion for summary
judgment on substantive as well as jurisdictional grounds. Our analysis is, of necessity, confined
only to TxDOT's jurisdictional arguments.
4. TxDOT's attempt to appeal the merits of this case is especially troubling because this matter
was set for a trial on the merits on the issue of damages in May 1999. Absent this interlocutory
appeal, all the issues TxDOT wishes to raise here would properly be before us on a regular
appeal.
5. See, e.g., Texas Antiquities Comm'n v. Dallas Community College Dist., 554 S.W.2d 924,
930 (Tex. 1977) (reaffirming its holding in Milam County v. Bateman, 54 Tex. 163 (1880), and
extending same state constitutional guaranties to local governments that shield individual property
owners); Brazos River Auth. v. City of Graham, 354 S.W.2d 99, 108-10 (Tex. 1961) (extending
protection to municipalities under article 1, section 17 of state constitution and affirming award
to municipality for state river authority's appropriation of city's sewage disposal plant); Love v.
City of Dallas, 40 S.W.2d 20, 29 (Tex. 1931) (holding that rights associated with property
acquired by school districts and cities protected by same constitutional guaranties that shield
property of individuals); Fort Worth Improvement Dist. No. 1 v. City of Fort Worth, 158 S.W.
164, 168 (Tex. 1913) (upholding injunction restraining State from erecting levee that would
damage city water treatment plant, absent payment of necessary compensation); State v. City of
Denton, 542 S.W.2d 224 (Tex. Civ. App.--Fort Worth 1976, writ ref'd n.r.e.) (holding city enjoys
exclusive dominion over its streets and denying state university's attempt to exercise eminent
domain over city's streets); State v. Waco I.S.D., 364 S.W.2d 263, 265-68 (Tex. Civ. App.--Waco
1963, writ ref'd n.r.e.) (awarding school district damages against TxDOT's predecessor on
grounds that appropriation of public school's property in course of constructing highway
improvement constituted violation of state constitutional takings clause).
6. This section provides that "[n]o person's property shall be taken, damaged, or destroyed for
or applied to public use without adequate compensation being made, unless by the consent of such
person." Tex. Const. art. I, §17. 


gligent or intentional acts where suit brought under article I, section 17 of Constitution). 
Because Sunset Valley's entire claim is in the nature of a takings claim and the declaratory relief
of which TxDOT complains involves a nuisance claim for noise and light pollution, TxDOT
cannot successfully assert sovereign immunity from suit. Accordingly, we overrule TxDOT's
final issue.


CONCLUSION

 Having overruled all three issues TxDOT raised in this interlocutory appeal, we
affirm the trial court's denial of TxDOT's plea to the jurisdiction.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed

Filed: December 16, 1