# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00105-CV

**Hays County, Texas, Appellant**

**v.**

**Hays County Water Planning Partnership, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
NO. 2000-0688, HONORABLE DON B. MORGAN, JUDGE PRESIDING**

Appellant Hays County brings this interlocutory appeal from a district court decision denying its motion to dismiss and motion for summary judgment in a case involving the Texas Open Meetings Act. *See* Tex. Gov't Code Ann. §§ 551.001-.146 (West 1994 & Supp. 2002). Hays County raises four issues on appeal: whether the trial court erred by (1) failing to dismiss the case for want of jurisdiction; (2) failing to grant its motion for summary judgment; (3) failing to strike Hays County Water Planning Partnership's summary judgment evidence; and (4) failing to award it attorney's fees. We will affirm the district court's ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, we revisit the controversy surrounding development in Hays County. This is the second time the same parties have appeared before this Court in a Texas Open Meetings

Act case. In *Hays County Water Planning Partnership v. Hays County*, we held that the Hays County Water Planning Partnership, a political and environmental group of Hays County taxpayers, had standing to sue the county under the Texas Open Meetings Act ("Act"); we also held that the county had violated the Act by posting insufficient notice of a county commissioner's court meeting. 41 S.W.3d 174, 176-78 (Tex. App.—Austin 2001, pet. denied) (*"Hays County I"*).

The present controversy began on May 16, 2000, when the Hays County Commissioner's Court met and voted to approve a transportation plan for submission to the Capital Area Metropolitan Planning Organization ("CAMPO"). The plan contained the county's recommendations for future roadways within its borders. The Hays County Water Planning Partnership ("HCWPP") asserts that after the meeting the county commissioners altered the plan by making significant changes to two "highly controversial" roads, with the result that a substantially different plan was submitted to CAMPO than the one adopted at the meeting. Hays County rejoins that any alterations to the plan were made lawfully *during* the May 16 meeting; that no changes were made to the plan following the meeting; and that after the meeting a single commissioner, Commissioner Burnett, delivered the map to CAMPO.

On May 25, HCWPP sued Hays County alleging that the commissioners had violated the Open Meetings Act by privately altering the plan. HCWPP seeks injunctive, declaratory,[1] and

---

[1] Hays County Water Planning Partnership (HCWPP) seeks declaratory relief under the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2002).

mandamus relief, as well as attorney's fees and post-judgment interest. On May 30, the commissioner's court met again and formally approved the plan submitted to CAMPO.

In its answer, Hays County specially excepted to HCWPP's original petition, claiming that it had failed to identify any legal authority for its claims. The trial court apparently did not rule on the special exceptions. HCWPP filed a second amended petition in which it did not substantively amend its open meetings claim, but added causes of action for violations of article V, section 18 of the Texas Constitution and section 81.006 of the Texas Local Government Code. In its second amended petition, HCWPP claims that:

> Defendant violated the Texas Open Meetings Act when it altered the Transportation Plan from the form that it [sic] was approved and voted on in public on May 16, 2000. Any changes made to the Transportation Plan were not made in public, were not made with proper notice to the public; and/or were not with the public being able to observe how its government was conducting public business.

After HCWPP filed its second amended petition, Hays County filed a motion to dismiss for lack of subject matter jurisdiction together with a motion for summary judgment. In its motion for summary judgment, Hays County claimed that it was entitled to judgment as a matter of law because HCWPP had not pleaded a violation of the Open Meetings Act and that, in any event, the commissioners had validated the plan at the May 30 meeting. HCWPP filed a response to Hays County's motion and a cross motion for partial summary judgment on the issue of liability. Hays County then filed a motion to strike HCWPP's summary judgment evidence along with a supplemental motion for summary judgment and opposition to HCWPP's cross motion for partial summary judgment. The trial court issued an order denying all the motions, from which only Hays County appeals.

3

## DISCUSSION

### *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Because the trial court's denial of Hays County's plea to the jurisdiction and motion for summary judgment was not a final judgment, Hays County's appeal is interlocutory.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5),(8) (West 1999 & Supp. 2002). The statute authorizing interlocutory appeals is strictly construed because it is an exception to the general rule that only a final judgment is appealable. *See Texas Dep't of Transp. v. Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App.—Austin 1999, no pet.). To review a plea to the jurisdiction challenging a court's subject matter jurisdiction under section 51.014(a)(8), we do not examine the merits of the case. *See id*. at 730. Instead, we grant the plea to the jurisdiction if there is an incurable jurisdictional defect apparent from the face of the pleadings, even if all the allegations in the plaintiff's pleadings are taken as true. *Id.* at 729.

In its first issue, Hays County claims the trial court erred by failing to grant its motion to dismiss based on lack of subject matter jurisdiction, citing five grounds: sovereign and legislative immunity; lack of justiciable cause; lack of standing;[3] and failure to state a claim for injunctive relief. We will address each ground in turn.

---

[2] "A person may appeal from an interlocutory order of a district court, county court at law, or county court that: . . . grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2002).

[3] Because Hays County fails to demonstrate why HCWPP's status changed with regard to this issue since our previous decision, we conclude it has standing. *See Hays County Water Planning P'ship v. Hays County*, 41 S.W.3d 174, 176-78 (Tex. App.—Austin 2001, pet. denied).

4

*Sovereign Immunity*

The Open Meetings Act expressly waives sovereign immunity for violations of the act. *See* Tex. Gov't Code Ann. § 551.142 (West 1994).[4] Hays County does not urge a different interpretation of this section, but instead argues that HCWPP is attempting to use the Open Meetings Act improperly to "challenge the actions of an individual member of a commissioners court who has allegedly taken action that is inconsistent with that which [sic] commissoners court has done. The [Open Meetings Act] does not waive immunity by creating a cause of action or otherwise permitting a legal challenge of this type."

The Open Meetings Act requires that all meetings of governmental bodies be open to the public unless otherwise expressly authorized by law. *See id*. at § 551.002. The purpose of the Open Meetings Act is "to safeguard the public's interest in knowing the workings of its governmental bodies." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991)*; Stockdale v. Meno*, 867 S.W.2d 123, 125 (Tex. App.—Austin 1993, writ denied). Because the Act applies to meetings of a governmental body, HCWPP's claim must state some violation of the public's right to attend or view a governmental body's deliberations. *See* Tex. Gov't Code Ann. § 551.002.

The gist of Hays County's argument is that HCWPP has only complained of the acts of a single commissioner, *i.e.*, Commissioner Burnett's act of delivering the allegedly altered plan to CAMPO, and that this by itself is insufficient to state a claim under the Open Meetings Act. We

---

[4] "An interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." Tex. Gov't Code Ann. § 551.142 (West 1994).

disagree with this characterization of HCWPP's pleadings. In both its original and second amended petition, HCWPP alleged that the *county*, not a single commissioner, made changes to the Transportation Plan: "*Defendant* violated the Texas Open Meetings Act *when it altered the Transportation Plan* from the form it [sic] was approved and voted on in public on May 16, 2000. Any changes made to the Transportation Plan . . . were not made with the public being able to observe how its *government* was conducting public business. As such, *defendant* violated . . . Tex. Gov't Code § 551.002, § 551.021, § 551.022, 551.041, § 551.043, and/or § 551.102." (Emphasis added.) In addition, the petition expressly identifies the legal authority for HCWPP's claims and type of relief sought.

Rules 45 and 47 of the Texas Rules of Civil Procedure govern pleadings. *See* Tex. R. Civ. P. 45, 47. Rule 45(b) states that a pleading shall "consist of a statement in plain and concise language of the plaintiff's cause of action . . . . That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole . . . ." *Id*. R. 45(b). Rule 47 requires that a pleading contain "a short statement of the cause of action sufficient to give fair notice of the claim involved" for a claim for relief and "a demand for judgment for all the other relief to which the party deems himself entitled." *Id*. R. 47 (a), (c). Fair notice under the rules is met if an opposing attorney can ascertain the nature and the basic issues of the controversy from the pleadings. *See Rodriguez v. Yenawine*, 556 S.W.2d 410, 414 (Tex. Civ. App.—Austin 1977, no writ); *see also Piazza v. City of Granger*, 909 S.W.2d 529, 532 (Tex. App.—Austin 1995, no writ.). We conclude that HCWPP's second amended petition provides

6

fair notice to Hays County of its claim under the Open Meetings Act and therefore is sufficient to overcome Hays County's claim of sovereign immunity.[5]

*No Justiciable Cause*

In an argument similar to that above, Hays County claims that HCWPP fails to state a justiciable cause because it does not identify any action taken in violation of the Act.[6] However, the petition *doe*s identify an action taken in violation of the Act, namely that the county commissioners unlawfully made changes to the transportation plan outside of a public meeting. Moreover, as the county recognizes, *Hays County I* held that a meeting violating the notice provisions of the Act in which *no action* was taken did not prevent HCWPP from seeking relief. *See Hays County I*, 41 S.W.3d at 176-78.

In reality, Hays County's argument that no action was taken in violation of the Act goes to the merits of HCWPP's claims and thus is not the proper subject of an interlocutory appeal. *See Sunset Valley*, 8 S.W.3d at 730. Hays County's reliance on *United Independent School District v. Gonzalez*[7], and the other cases it cites in this section of its brief is misplaced. Each of these cases save one, *City of San Antonio v. Aguilar*, proceeded to summary judgment or a trial on the merits. In *Aguilar*, which involved a motion to dismiss an appeal, the court did not hold that no action had

---

[5]  Because jurisdiction is evident from the pleadings, we do not consider other evidence. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

[6]  "A controversy is justiciable only if there exists a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute." *City of Austin v. L.S. Ranch, Ltd*. 970 S.W.2d 750, 752 (Tex. App.—Austin 1998, no pet.).

[7]  911 S.W.2d 118, 128 (Tex. App.—San Antonio 1995), *writ denied*, 940 S.W.2d 593 (Tex. 1996) (per curium).

been taken, but that the city's decision to pursue an appeal was an internal administrative decision not subject to the Open Meetings Act. See *City of San Antonio v. Aguilar*, 670 S.W.2d 681, 686 (Tex. App.—San Antonio 1984, writ dism'd). Regardless, determining whether an action was taken in violation of the Act is a question to be decided at a trial on the merits; therefore we reject this ground. *See Sunset Valley,* 8 S.W.3d at 730.

### *Legislative Immunity*

Hays County also claims HCWPP's suit should be dismissed for lack of jurisdiction on the basis of legislative immunity. The purpose of legislative immunity is to prevent suits from interfering with the legislative process. *See Supreme Ct. of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 731 (1980). "A private civil action, whether for an injunction or damages, creates a distraction and forces [legislators] to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Id.* at 733 (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975)). The Texas Supreme Court has stated "[w]hen officials are threatened with personal liability for acts taken pursuant to their official duties, they may well be induced to act with an excess of caution or otherwise to skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct." *In re Perry*, 45 Tex. Sup. Ct. J. 48, 50, 2001 Tex. LEXIS at *96 (Oct. 22, 2001) (quoting *Forrester v. White*, 484 U.S. 219, 223 (1998)).

The legislative immunity doctrine extends beyond federal and state legislators to other individuals performing legitimate legislative functions. *Id.* at 50. A function is legislative if it "reflects a discretionary, policymaking decision of general application, rather than an individualized decision

8

based upon particular facts." *Id.* Examples of legislative functions include "a mayor's veto of an ordinance passed by a city council, the examination of a witness before a legislative committee, and voting on controverted ordinances after conducting meetings with partisans on one side of a zoning controversy." *Camacho v. Samaniego*, 954 S.W.2d 811, 823 (Tex. App.—El Paso 1997, writ denied).

In the present case, we do not find it necessary to decide whether Hays County's actions concerning the transportation plan are legislative because we conclude that Hays County is not entitled to legislative immunity from an Open Meetings Act claim. The Open Meetings Act protects the public's right to be informed concerning the transactions of public business. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990). "The executive and *legislative decisions* of our governmental officials as well as the underlying reasoning must be discussed openly before the public rather than secretly behind closed doors." *Id.* (Emphasis added.) The goal of the Act is to "provide openness at every stage of a governmental body's deliberations." *City of San Antonio,* 820 S.W.2d at 765; *Stockdale,* 867 S.W.2d at 125. In contrast, legislative immunity shields individual legislators from litigation challenging the *substance* of a decision, not the *process* by which it was made. *See, e.g., In re Perry*, 45 Tex. Sup. Ct. J. 48. To hold that Hays County is protected by legislative immunity would potentially shield all governmental bodies from claims under the Open Meetings Act in direct opposition to the legislature's intent of fostering open government. *See Acker*, 790 S.W.2d at 300; *City of San Antonio*, 820 S.W.2d at 765; *Stockdale,* 867 S.W.2d at 125. Such a holding would effectively undermine the Act.

9

*Failure to State a Claim for Injunctive Relief*

Additionally, Hays County contends that HCWPP has failed to establish jurisdiction for its claim for injunctive relief because the controversy is not yet ripe, thus the court is being asked to render an advisory opinion. *See Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex. 1988) (vacating an injunction because it was granted on the basis of a "hypothetical situation"). Hays County argues that in order to obtain injunctive relief HCWPP must provide evidence that the county is likely to commit violations of the Open Meetings Act in the future based on an established pattern of past violations. *See Harris County Emergency Serv. Dist. No. 1 v. Harris County Emergency Corps*, 999 S.W.2d 163, 170 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Again, we conclude that Hays County is attempting to argue the merits of this case, which is not appropriate in an interlocutory appeal. *See Sunset Valley*, 8 S.W.3d at 730. Whether HCWPP has demonstrated the type of harm sufficient to qualify for injunctive relief is a factual inquiry for the trial court. We note that both cases cited by Hays County involved the review of a *grant* of a temporary injunction by the trial court. The record in the present case, however, does not indicate that there has been a ruling one way or the other on HCWPP's request for an injunction. Hays County is really arguing that HCWPP's claim for injunctive relief should be denied, not that the court lacks jurisdiction. We reject this ground and overrule Hays County's first issue.

***Motion for Summary Judgment***

In its second issue, Hays County appeals the trial court's denial of its motion for summary judgment on the basis that HCWPP has not pleaded acts that constitute a violation of the Open Meetings Act, or in the alternative, that the commissioners' court validated the challenged

action at the May 30th meeting. However, because of the narrow scope of interlocutory appeals, neither of these contentions may serve as the basis for a proper interlocutory appeal of a denial of summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West 1997 & Supp. 2002); *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex. 1993).

An interlocutory appeal of a denial of summary judgment must be based on an assertion of immunity of an individual who is an officer or employee of the state or a political subdivision of the state. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). To prevail, Hays County must base its claim on the qualified immunity of a governmental official or employee. *See City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex. 1995); *Kilburn*, 849 S.W.2d at 812. Hays County failed to raise a claim of qualified immunity in its appeal of the denial of its summary judgment motion. *See Sunset Valley*, 8 S.W.3d at 730 (stating that statute authorizing interlocutory appeals must be strictly construed). Hays County did raise the claim of *legislative* immunity in its appeal of the denial of its plea to the jurisdiction. In reviewing that plea, we determined that Hays County is not entitled to legislative immunity with regard to violations of the Open Meetings Act. Therefore, even assuming that Hays County had properly raised legislative immunity in its appeal of the denial of summary judgment and that legislative immunity may be asserted as a type of qualified immunity under section 51.014(a)(5), we reach the same conclusion. Hays County's second issue is overruled.

### *Other Claims*

Hays County also assigns error to the trial court's ruling denying its motion to strike summary judgment evidence and its request for attorney's fees. Because of the narrow scope of

11

interlocutory appeals, we do not consider these claims. *See* Tex. Civ. Prac. & Rem. § 51.014(a)(5); *Lopez v. Trevino*, 2 S.W.3d 472, 473 (Tex. App.—San Antonio, pet. dism'd w.o.j.). Therefore, we overrule Hays County's third and fourth issue.

## CONCLUSION

Having overruled all four issues raised in this interlocutory appeal, we affirm the district court's denial of Hays County's motion to dismiss and its motion for summary judgment.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices Yeakel and Puryear

Affirmed

Filed: January 17, 2002

Publish