Opinion issued December 16, 2004













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00676-CV
____________

HAROLD L. PHILLIPS, Appellant

V.

LINDA V. PHILLIPS, Appellee




On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 96FD2095




MEMORANDUM OPINION
          This is an appeal of an interlocutory order issued by the trial court denying
appellant’s, Harold L. Phillip’s, motion to recuse trial court judge P.K. Reiter and
declaring appellant to be a vexatious litigant. In four issues, appellant challenges the
propriety of these orders. We dismiss the appeal for want of jurisdiction.
          Generally, a Texas appellate court has jurisdiction to hear appeals from final
judgments. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). An
appellate court has jurisdiction to hear appeals from interlocutory orders and
judgments only when specifically authorized by statute. Qwest Communications
Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000). A statute authorizing
interlocutory appeals is strictly construed because it is an exception to the general rule
that only a final judgment is appealable. Tex. Dep’t of Transp. v. Sunset Valley, 8
S.W.3d 727, 730 (Tex. App.—Austin 1999, no pet.). 
          There is no specific statute authorizing an interlocutory appeal from an order
denying a motion to recuse or from an order imposing sanctions on a vexatious
litigant. Neither is set out in the statutes authorizing interlocutory appeals. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2004-2005) (authorizing
interlocutory appeal only from order appointing receiver or trustee; order overruling
motion to vacate appointment of receiver or trustee; order certifying or refusing to
certify class action; order granting or refusing temporary injunction or overruling
motion to dismiss temporary injunction; order denying summary judgment based on
sovereign immunity; order denying motion for summary judgment based on claim
against media; order granting or denying special appearance; order granting or
denying plea to jurisdiction; or orders granted in regard to expert report); see also
Tex. Gov’t Code Ann. § 1205.105 (Vernon 2000) (authorizing interlocutory appeal
of amount of bond or dismissal for failure to pay bond in public securities case). An
appeal from a final judgment is the proper method to challenge denial of a motion to
recuse. See In re Union Pac. Res. Co., 969 S.W.2d 427, 428 (Tex. 1998) (orig.
proceeding). Likewise, appeal of an order imposing sanctions on a vexatious litigant
is reviewed for an abuse of discretion as part of an appeal of the final judgment. See
Spiller v. Spiller, 21 S.W.3d 451, 456 (Tex. App.—San Antonio 2000, no pet.).
Accordingly, we have no jurisdiction over this interlocutory appeal.
          We dismiss the appeal for want of jurisdiction. Any other pending motions in
this appeal are overruled as moot. The Clerk is directed to issue mandate within 10
days of the date of this opinion. Tex. R. App. P. 18.1.
PER CURIAM
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.