Appellant=s Further Motion for Rehearing Granted; Reversed and Rendered;
Opinion of October 27, 2005 and Supplemental Opinion of July 20, 2006 Withdrawn
and Opinion on Rehearing filed November 30, 2006








Appellant=s Further Motion for Rehearing Granted; Reversed and
Rendered; Opinion of October 27, 2005 and Supplemental Opinion of July 20, 2006
Withdrawn and Opinion on Rehearing filed November 30, 2006.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00859-CV

____________

 

HOUSTON INDEPENDENT SCHOOL
DISTRICT, CITY OF HOUSTON,

AND HARRIS COUNTY, Appellants

 

V.

 

1615 CORPORATION, LANCE DREYER, AND
S.R. DREYER,
Appellees

_______________________________________________________________________

 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 03-40164

_______________________________________________________________________

 

O P I N I O N  ON   R  E H  E A  R I  N  G








In their AFurther Motion for Rehearing,@ appellants
Houston Independent School District, City of Houston, and Harris County assert
that this court must change its judgment in light of the Texas Supreme Court=s recent holding
that the application of Tax Code section 42.09=s
exclusive-remedies provision deprives the trial court of jurisdiction.  We
agree, grant this motion for rehearing, withdraw our original opinion of
October 27, 2005 and our supplemental opinion of July 20, 2006, reverse the
trial court=s order denying appellants= plea to the
jurisdiction, and render judgment dismissing appellees= claims for lack
of jurisdiction.  

I. Factual Background

This action stems from an underlying lawsuit brought by
various taxing authorities[1]
for unpaid taxes during the years of 1984 through 1999, plus penalties and
interest, on the property described as Lot Six (6), Block Three (3), Edgemont
Addition, in Harris County, Texas, more commonly known as 1615 North Boulevard,
Houston, Texas 77006 (hereinafter the AProperty@).  On October 2,
2000, the 270th Judicial District Court granted the motion for summary judgment
filed by appellants Houston Independent School District, City of Houston, and
Harris County (hereinafter collectively Athe Taxing
Authorities@).  The trial court also rendered a final judgment in
rem (hereinafter referred to as the AJudgment@) in favor of the
Taxing Authorities and against all entities or individuals with a potential
interest in the Property. 

The Judgment foreclosed tax liens against the Property and
awarded the Taxing Authorities their delinquent taxes, penalties, interest, and
costs for the tax years of 1984 through 1999.  The total amount of the Judgment
is $351,535.27, plus postjudgment interest.  Appellee S.R. Dreyer is the
current owner of the Property, but she and her husband, appellee Lance Dreyer
(hereinafter collectively Athe Dreyers@) were not parties
to this underlying tax suit and did not have an interest in the Property when
the trial court signed the Judgment.  From December 2000 through December 2002,
the Dreyers paid approximately $383,279.52 against the Judgment.[2]








Before the Dreyers acquired an interest in the Property,
appellee 1615 Corporation owned the Property jointly with W.C. J. Marquart,
III.  On July 18, 2001, 1615 Corporation conveyed what it believed to be a A100% interest@ in the Property
to P.W. Dreyer.  On August 27, 2001, after realizing that it did not own an
entire 100% interest, 1615 Corporation acquired a deed from W.C.J. Marquart,
III, which conveyed Marquart=s interest in the Property to 1615
Corporation.  The following day, 1615 Corporation executed a second deed in
connection with this interest in favor of P.W. Dreyer.  On September 17, 2001,
1615 Corporation executed a third deed conveying all interest in the Property
to P.W. Dreyer and made the deed Aeffective as of
December 21, 2000.@  Finally, on November 1, 2002, P.W.
Dreyer executed a deed that conveyed the Property to S.R. Dreyer, who currently
lives on the Property with her husband, Lance Dreyer.

II. Procedural Background

On June 10, 2003, the Taxing Authorities attempted to
foreclose on the Property because of an alleged remaining tax balance of
$18,864.89.  On July 18, 2003, the Dreyers filed their AOriginal Petition
for Bill of Review and Declaratory Judgment.@  Later, 1615
Corporation joined the suit as a plaintiff.  On September 8, 2003, the trial
court signed a temporary injunction preventing a foreclosure sale.








On January 21, 2004, the Dreyers and 1615 Corporation
amended their pleadings.  They sought an equitable bill of review, declaratory
judgment, and recoupment of alleged overpayments of taxes on the Property.  The
Dreyers and 1615 Corporation sought to set aside the Judgment, arguing that it
contains an official mistake by the Taxing Authorities in the tax calculations
for years 1988 through 1991.  The Dreyers and 1615 Corporation allege that this
official mistake occurred when the homestead exemption for the Property was
improperly removed during these years, even though the Marquart family was
continuously occupying the Property as a homestead.  Because the tax rolls did
not reflect the alleged homestead status of the Property for 1988 through 1991,
the amount of the Judgment was substantially greater than it would have been if
the Property had received the homestead exemption.  The Dreyers asserted that,
because of this failure to apply the homestead exemption, they overpaid the
property taxes by approximately $108,722.38.  They also alleged that the Taxing
Authorities committed fraud by representing in the underlying lawsuit that the
Property was not a homestead during the tax years of 1988 through 1991. 
Further, the Dreyers and 1615 Corporation sought the following declarations
from the trial court: 

(1)     The Property was used and occupied as a
single-family homestead in the years 1988 through 1991; 

(2)     The Taxing Authorities illegally removed the
homestead exemption for the Property for 1988 through 1991; and 

(3)     This removal of the homestead exemption for
1988 through 1991 is void ab initio.

The parties filed motions for partial summary judgment.  In
their motion, the Dreyers and 1615 Corporation argued they were entitled to the
relief sought in their pleadings as a matter of law; they sought reinstatement
of the single-family homestead exemption for 1988 through 1991, a credit for
the amount of taxes they claim were overpaid, and recoupment of that amount. 
The Taxing Authorities included in their response and motion for partial
summary judgment a jurisdictional plea asserting that the trial court lacked
subject-matter jurisdiction over the Dreyers= and 1615
Corporation=s claims because (a) all taxes, penalties, and
interest during the years of 1988 through 1991 have been paid; (b) the Dreyers
lack standing because they were not parties to the underlying action; (c) 1615
Corporation lacks standing because it does not own the Property; and (d) the
trial court lacks subject-matter jurisdiction based on the exclusive-remedies
provision in Tax Code section 42.09(a).[3] 









The trial court signed an order denying the Taxing
Authorities= motion for summary judgment and denying their plea
that the trial court lacked subject-matter jurisdiction.  The Taxing
Authorities brought this interlocutory appeal under section 51.014(a)(8) of the
Texas Civil Practices Remedies Code, challenging the trial court=s denial of their
plea to the jurisdiction.  See Tex.
Civ. Prac. & Rem. Code Ann. '51.014(a)(8)
(Vernon Supp. 2006) (allowing appeal from interlocutory district-court order
denying plea to the jurisdiction by a governmental unit). 

On appeal, the Taxing Authorities present the following
issues for appellate review:

(1)     Does the Dreyers= payment of taxes, penalties, and
interest moot the claims of the Dreyers and 1615 Corporation against the Taxing
Authorities, thereby depriving the trial court of subject-matter jurisdiction?

(2)     Do the Dreyers and 1615 Corporation have
standing to bring their claims? 

(3)     Does the
alleged failure of the Dreyers and 1615 Corporation to exhaust their
administrative remedies under the Texas Property Tax Code deprive the trial
court of jurisdiction over their claims?

On original submission, we held, among other things, that
this court lacked appellate jurisdiction over the Taxing Authorities= argument that Tax
Code section 42.09 deprived the trial court of subject-matter jurisdiction.  See Tex. Tax
Code Ann. ' 42.09 (Vernon 2001); Houston Indep. Sch. Dist. 
v.  1615 Corp., No. 14-04-00859-CV, 2005 WL 2787279, at *4B6 (Tex. App.CHouston [14th
Dist.] Oct.  27, 2005, no pet. h.) (withdrawn).  Under the Texas Supreme Court=s analysis in Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 75B77 (Tex. 2000), we
concluded that application of section 42.09=s
exclusive-remedies provision would not deprive the trial court of
jurisdiction.  See 1615 Corp., 2005 WL 2787279, at *4B6 (withdrawn).  We
determined that we lacked appellate jurisdiction over the Taxing Authorities= third issue, in
which they asserted their section 42.09 argument, because this argument does
not go to the trial court=s jurisdiction.  See id.; Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).  








The Taxing Authorities then filed their first motion for
rehearing in this case, contending, among other things, that in addressing
their third issue, we overlooked binding precedent from this court.  We denied
the Taxing Authorities= first motion for rehearing, and issued a
supplemental opinion.  See Houston Indep. Sch. Dist. v. 1615 Corp., No.
14-04-00859-CV, 2006 WL 2035569, at *1 (Tex. App.CHouston [14th
Dist.] July 20, 2006, no pet. h.) (supplemental opinion on rehearing)
(withdrawn).

The Taxing Authorities have now filed a AFurther Motion for
Rehearing@ in this case, contending, among other things, that a
recent Texas Supreme Court case, Cameron Appraisal District v. Rourk, 194
S.W.3d 501 (Tex. 2006), holds that the application of section 42.09 deprives
the trial court of subject-matter jurisdiction, contrary to this court=s prior decision
in this appeal.  

III.  Analysis

This appeal arises from the trial court=s denial of the
Taxing Authorities= plea to the jurisdiction.  Section
51.014(a)(8) of the Texas Civil Practice and Remedies Code provides for an
interlocutory appeal from an order granting or denying a plea to the
jurisdiction by a governmental unit.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8). 
Moreover, if the trial court denies the governmental entity=s claim of no
jurisdiction, whether it has been asserted by a plea to the jurisdiction, a
motion for summary judgment, or otherwise, an interlocutory appeal may be
brought.  See id.; San Antonio State Hosp. v. Cowan, 128
S.W.3d 244, 245 n.3 (Tex. 2004).  Our appellate jurisdiction in this
interlocutory appeal is limited to the issues of subject-matter jurisdiction.  See,
e.g., Tex. Dep=t of Transp. v. City of Sunset
Valley, 8 S.W.3d 727, 730B31 & n.3 (Tex.
App.CAustin 1999, no
pet.) (holding in an appeal involving a plea to the jurisdiction under ' 51.014(a)(8), A[o]ur analysis is,
of necessity, confined to only to [the parties=] jurisdictional
arguments@). 








In reviewing a plea to the jurisdiction, we cannot examine
the merits of the case.  See Tomball Hosp. Auth. v. Harris County Hosp.
Dist., 178 S.W.3d 244, 249 (Tex. App.CHouston [14th
Dist.] 2005, pet. filed) (dismissing summary-judgment issues for want of
jurisdiction and addressing only the plea to the jurisdiction); see also
City of Houston v. Rushing, 7 S.W.3d 909, 913 (Tex. App.CHouston [1st
Dist.] 1999, pet. denied) (explaining that A[a] motion for
summary judgment concerns the merits of a lawsuit@ whereas Aa plea to the
jurisdiction concerns whether the pleadings state a cause of action that
confers jurisdiction on the trial court@). Therefore, we
have appellate jurisdiction only over the Taxing Authorities= jurisdictional
issues.  See City of Sunset Valley, 8 S.W.3d at 730B31.

Would application of Tax Code section 42.09=s exclusive-remedies
provision deprive the trial court of jurisdiction? 

We first address the Taxing Authorities= contention in
their third issue that the trial court lacks subject-matter jurisdiction over
this case because the Dreyers and 1615 Corporation failed to exhaust all of
their administrative remedies under Chapters 41 and 42 of the Tax Code.  In
making this argument, the Taxing Authorities cite various sections of the Tax
Code.  See Tex. Tax Code Ann.
'' 41.41 (a)(4)
& (9), 41.44(a), 41.45, 42.21(b), 42.09 (Vernon 2001).  As a threshold
issue, we must decide whether this argument, if successful, would mean that the
trial court lacks subject-matter jurisdiction.  If it would not, then this
court lacks appellate jurisdiction over the Taxing Authorities= third issue.  See
Rushing, 7 S.W.3d at 913. 








Even though the Taxing Authorities cite all of the
foregoing sections of the Tax Code, the basis of their argument is section
42.09, which states that the procedures prescribed by the Property Tax Code[4]
provide the exclusive remedies for adjudicating the grounds of protest
authorized by the Property Tax Code.  See Tex. Tax Code Ann. ' 42.09(a).  Section
42.09(a) states that a property owner may not raise any of these grounds as a
basis for relief in a suit by the property owner to obtain a refund of taxes
paid.  See id.  The other sections of the Tax Code cited by the Taxing
Authorities are the procedures that, under section 42.09, allegedly provide the
exclusive remedies for the Dreyers and 1615 Corporation.[5] 
See Tex. Tax Code Ann. '' 41.41 (a)(4)
& (9), 41.44(a), 41.45, 42.21(b).  In this case the Dreyers and 1615
Corporation are not pursuing administrative remedies or seeking judicial review
of any administrative action; rather, they seek to set aside and modify the
Judgment by an equitable bill of review and to recoup taxes that the Dreyers
allegedly overpaid.  In this context, the only statute cited by the Taxing
Authorities that might bar these claims is section 42.09.  See Tex. Tax Code Ann. ' 42.09(a). 
Therefore, we do not reach the issue of whether sections 41.41, 41.44, 41.45,
or 42.21 of the Tax Code are jurisdictional.  The Taxing Authorities= third issue is
based on section 42.09(a), and so we must determine if the application of this
section would deprive the trial court of jurisdiction.

In Dubai Petroleum Co. v. Kazi, the Texas Supreme
Court disapproved of a long line of cases holding that, when a claim is based
on a statute, the statutory provisions are mandatory, exclusive, and require
compliance in all respects, otherwise the trial court lacks subject-matter
jurisdiction.  12 S.W.3d 71, 75B77 (Tex. 2000).  The Kazi court
sided with the modern trend that treats failure to comply with statutory
requirements as defeating a claimant=s right to relief
but not defeating the trial court=s jurisdiction:

[T]he modern direction of policy is to reduce the vulnerability of
final judgments to attack on the ground that the tribunal lacked subject matter
jurisdiction . . . The right of a plaintiff to maintain a suit, while
frequently treated as going to the question of jurisdiction, has been said to
go in reality to the right of the plaintiff to relief rather than to the
jurisdiction of the court to afford it.    

Id. at 76B77 (quotations
omitted).  








Prior to Kazi, several courts of appeals held, or
indicated in dicta, that application of section 42.09(a)=s
exclusive-remedies provision would deprive a trial court of jurisdiction. See,
e.g., Northwest Texas Conf. of the United Methodist Church v. Happy
Indep. Sch. Dist., 839 S.W.2d 140, 143 (Tex. App.CAmarillo 1992, no
writ) (holding that application of section 42.09 of the Tax Code deprives trial
court of jurisdictional to consider alleged tax exemption); City of
Shenandoah v. Swaggart Evangelistic Ass=n, 785
S.W.2d 899, 903 (Tex. App.CBeaumont 1990, writ denied) (holding that
section 42.09 of the Tax Code deprived trial court of jurisdiction to consider
alleged exemption because the Tax Code=s provisions for
protesting the denial of an exemption created right that did not exist at
common law and thus courts only have jurisdiction to act in a manner provided
by the statute that created those rights).  On original submission, the parties
had not cited, and this court had not found, a case from the Texas Supreme
Court or from this court addressing whether the application of section 42.09
would deprive the trial court of jurisdiction.  This court did not have before
it any precedent addressing whether, in light of the Kazi decision, the
application of  section 42.09 would deprive the trial court of subject-matter
jurisdiction.  Therefore, on original submission, this court determined as an
issue of first impression, that under a Kazi analysis, section 42.09(a),
if it applies, affects a party=s right to relief but does not deprive the
trial court of jurisdiction.  








After our decision on original submission and after the
Taxing Authorities filed their first motion for rehearing, the Texas Supreme
Court issued Cameron Appraisal District v. Rourk, 194 S.W.3d 501 (Tex.
2006) (per curiam).  The Rourk court did not apply a Kazi
analysis to section 42.09; however, our high court did state in Rourk
that the Texas Supreme Court has Arepeatedly held
that >a taxpayer=s failure to
pursue an appraisal review board proceeding deprives the courts of jurisdiction
to decide most matters relating to ad valorem taxes.=@Cameron Appraisal
Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006) (quoting  Matagorda
County Appraisal Dist. v. Coastal Liquids Partners, L.P., 165 S.W.3d 329,
331 (Tex. 2005)).  The Texas Supreme Court also stated that there is no
question that the Texas Legislature intended to bestow exclusive jurisdiction
on the property-tax administrative bodies.  See id.  In Rourk,
our high court indicated that section 42.09 expresses this intent of the Texas
Legislature, and our high court concluded that the trial court properly
dismissed for lack of jurisdiction the claims of taxpayers who did not pursue
the administrative remedies provided by the Tax Code.  See id. at 501B2.

We respectfully disagree with the indication in Rourk
that the Texas Supreme Court had previously held that the application of
section 42.09 deprives the trial court of jurisdiction.[6] 
Nonetheless, although the Rourk court did not engage in a Kazi
analysis, it did clearly hold that the application of section 42.09=s
exclusive-remedies provision deprives a court of jurisdiction.  See id.
at 501B2.  As an
intermediate appellate court, we are not at liberty to re‑evaluate the
propriety of the Rourk court=s holding; rather,
we must apply it in this case.  See In re K.M.S., 91 S.W.3d 331
(Tex.2002) (courts of appeals are not free to disregard pronouncements from
Texas Supreme Court). Therefore, we hold that, under Rourk, the
application of section 42.09=s exclusive-remedies provision deprives
the trial court of jurisdiction.   See Rourk, 194 S.W.3d at 502; Midland
Cent. Appraisal Dist. v. Plains Marketing, L.P., 202 S.W.3d 469, 472B75 (Tex. App.CEastland 2006, no
pet. h.) (citing Rourk and concluding that application of section 42.09
deprives the trial court of jurisdiction).  Accordingly, this court has
appellate jurisdiction over the Taxing Authorities= third issue.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a)(8).  













With exceptions that do not apply to this case, the
procedures prescribed by the Tax Code for adjudication of the grounds of
protest authorized by that statute (which include complaints regarding an
alleged homestead exemption) are exclusive.  See Tex. Tax Code Ann. ' 42.09(a).  This
suit by the Dreyers and 1615 Corporation seeking an equitable bill of review,
declaratory judgment, and recoupment of alleged overpayments of property taxes
is not part of the procedures prescribed by the Property Tax Code.[7]  
See id. ' 41.01, et seq. (Vernon 2001). 
Therefore, section 42.09 bars the claims brought by the Dreyers and 1615
Corporation.  See id. ' 42.09; Rourk, 194 S.W.3d at 502. 
Under the Texas Supreme Court=s decision in Rourk, the
application of section 42.09 deprives the trial court of jurisdiction, and
therefore the trial court erred in denying the Taxing Authorities= plea to the
jurisdiction.[8] 
See Rourk, 194 S.W.3d at 501B2.  Accordingly,
we sustain the Taxing Authorities= third issue,
reverse the trial court=s order denying the Taxing Authorities= plea to the
jurisdiction, and render judgment dismissing all the claims of the Dreyers and
1615 Corporation for lack of subject-matter jurisdiction.[9]

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

Appellants= Further Motion for Rehearing
Granted; Judgment rendered; Opinion of October 27, 2005 and Supplemental
Opinion of July 20, 2006 Withdrawn and Opinion on Rehearing filed November 30,
2006.

 

Panel consists of Chief Justice Hedges and Justices Fowler
and Frost (Hedges, C.J., concurs without opinion).









[1]  These taxing authorities in the underlying action included: (1) Houston
Independent School District, (2) Harris County Education District, (3) Harris
County, (4) Harris County Education Department, (5) Port of Houston of Harris
County Authority, (6) Harris County Flood Control District, (7) Harris County
Hospital District, (8) City of Houston, and (9) Houston Community College System.






[2]  The record indicates that, except for the taxes allegedly owed to
Houston Independent School District for the 1998 and 1999 tax years, the
Dreyers paid all of the taxes, penalties, and interest awarded in the
Judgment.  The record does not explain why the Dreyers made payments against
the Judgment before the execution of the July 18, 2001 deed.  However, the
September 17, 2001 deed stated that it was effective as of December 21, 2000.





[3]  In addition, the Taxing Authorities argued that the Dreyers= and 1615 Corporation=s alleged meritorious defense is
barred as a matter of law and that the summary-judgment evidence negates their
claim of fraudulent conduct and mistake by the Taxing Authorities as well as Aofficial mistake.@  These issues go to the merits and
are not before us in this appeal.





[4]  The Property Tax Code is title 1 of the Tax Code, to which section
42.09(a) refers.  See Tex. Tax
Code Ann. ' 42.09(a).

 





[5]  These sections establish procedures for administratively protesting,
among other things, the denial of a tax exemption and for seeking judicial
review in the district court of such an administrative decision. 





[6]  The Rourk court cited four cases for this proposition; however,
none of these cases involved holdings that section 42.09=s exclusive-remedies provision
deprives the trial court of jurisdiction.  See Rourk, 194 S.W.3d at 502
(citing four cases); Matagorda County Appraisal Dist. v. Coastal Liquids
Partners, L.P., 165 S.W.3d 329, 331 & n.5 (Tex. 2005) (stating in
obiter dictum that taxpayer=s failure to pursue administrative remedies deprives courts of
jurisdiction in most cases but noting that Texas Supreme Court has not yet
decided if this is still true in light of its decision in Kazi); In
re Entergy, 142 S.W.3d 316, 321B24 (Tex. 2004) (applying Kazi analysis to Public
Utility Regulatory Act in case that did not involve the Tax Code); General
Elec. Credit Corp. v. Midland Cent. Appraisal Dist., 826 S.W.2d 124, 125
(Tex.1991) (holding only that court of appeals erred in assessing sanctions
against appellant for appealing for delay and without sufficient cause); Webb
County Appraisal Dist. v. New Laredo Hotel, Inc., 792 S.W.2d 952, 953B55 (Tex. 1990) (holding that
taxpayer who files a protest with the appraisal review board must appear at the
protest hearing as a prerequisite to filing a petition for review in the
district court, without addressing whether application of section 42.09
deprives the trial court of jurisdiction).





[7]  The Dreyers and 1615 Corporation seek a bill of review as to a judgment
rendered in an enforcement action, not as to a judgment rendered in response to
a petition to review an order of the appraisal review board.  See Tex. Tax Code Ann. ' 42.01, et seq. (Vernon
2001).  





[8]  The Dreyers and 1615 Corporation assert that this court cannot review
the jurisdictional issues raised by the Taxing Authorities= plea to the jurisdiction because
the trial court may have denied this plea on the basis that it was untimely
under a September 2003 agreement under Texas Rule of Civil Procedure 11 that
set a deadline for motions for summary judgment, which deadline passed before
the Taxing Authorities challenged the trial court=s jurisdiction. We disagree.  The deadline in the
agreement covers motions for summary judgment, not pleas to the jurisdiction. 
Furthermore, after the parties entered into this agreement, plaintiffs amended
their petition three times, adding claims and adding 1615 Corporation as a
plaintiff.  The trial date in the Rule 11 agreement passed without a trial, and
the trial court heard motions for summary judgment after the deadline in the
agreement for hearings on motions for summary judgment.





[9]  Having sustained the Taxing Authorities= third issue, we need not and do not address their
remaining issues.