**SPRING GARDEN 79U, INC., Appellant,**

v.

**STEWART TITLE COMPANY, Appellee.**

No. 01–93–00557–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 28, 1994.

Gary M. Riebschlager, Houston, for appellant.

Paul J. McConnell, III, Ben A. Baring, Jr., Stephen C. Reid, III, Houston, for appellee.

Before HEDGES, DUGGAN and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

Spring Garden 79U, Inc. appeals a summary judgment in favor of appellee, Stewart

Title Company.[1] In five points of error, it complains that the trial court erred in granting Stewart Title Company's motion for summary judgment. We affirm.

## Standard of Review

■ In a review of the granting of a summary judgment, this Court will take as true all evidence favorable to the nonmovant. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752.

■ A summary judgment cannot be affirmed on any ground not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Home Indem. Co. v. Pate,* 814 S.W.2d 497, 500 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Insurance Co. of N. Am. v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.— Houston [1st Dist.] 1990, no writ).

■ Summary judgment is proper for a defendant if its summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Goldberg,* 775 S.W.2d at 752. A defendant movant may prevail if it proves that the law does not recognize the plaintiff's cause of action. *See Chaffin v. Transamerica Ins. Co.,* 731 S.W.2d 728, 731 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Summary judgment is also proper if a defendant conclusively establishes all elements of its affir-

mative defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984) (quoting *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

## Facts

On August 30, 1990, Spring Garden 79U, Inc. (Spring Garden) entered into a contract with KG Properties (KG) to purchase property located at 1714 Wirt Road, Houston, Harris County, Texas (the Property) for $435,-000. Richard Bee and Gary Wadkins, real estate agents who were assisting Spring Garden in locating investment properties, brought the Property to its attention.

In connection with the closing held August 31, 1990, Spring Garden reviewed a title commitment on the Property dated July 9, 1990 issued to Wirt 136 U, Ltd. (Wirt). Stewart Title Company (Stewart Title or Stewart) had committed to issue its policy of title insurance in the name of Wirt as the proposed insured. Reliance Title Company (Reliance) had prepared the title commitment, and its employee, P.B. Dover, countersigned it. The Wirt title commitment showed KG as the record owner of title to the Property, and Bee and Wadkins assured Spring Garden that title to the Property was in KG. Reliance and Dover conducted the closing.

Stewart Title was not a party to the transaction before or at closing. No title commitment was issued to Spring Garden before closing, and no owner's title insurance policy was issued at closing. On September 5, 1990, Stewart Title issued a mortgagee's title policy in favor of Fidelity National Bank in the amount of $375,000 showing Spring Garden as record owner of the Property. Spring Garden makes no claim under this policy.

After the closing, Spring Garden discovered that KG was not the record owner of the Property on July 9, 1990, as had been stated in the Wirt title commitment. KG actually acquired title to the Property from Sparhawk Development Company (Sparhawk) for $215,-000 on August 30, 1990 and sold the Property to Spring Garden the next day for $435,000.

---

1. Stewart Title Company's correct name is Stewart Title Guaranty Company.

Spring Garden sued Stewart Title for (1) fraud, (2) conspiracy, (3) negligent misrepresentation, (4) constructive fraud, (5) breach of fiduciary duties—duty against self-dealing, loyalty, (6) unjust enrichment, (7) money had and received, (8) restitution, (9) conversion, and (10) violation of TEX.BUS. & COM.CODE ANN. § 17.50 (Vernon 1987), the Deceptive Trade Practices–Consumer Protection Act.[2] Spring Garden's complaint does not arise out of a title commitment issued to it as the proposed insured. It claims that it was defrauded into dealing with KG instead of Sparhawk, that Stewart Title's agents used the Wirt title commitment to deceive Spring Garden by misrepresenting the true owner and preventing it from dealing with that owner. Spring Garden alleges that it suffered damages because, by not dealing directly with Sparhawk, it paid too much for the Property.

Stewart Title filed a motion for summary judgment on the grounds that (1) Stewart Title never issued a title commitment that Spring Garden relied upon, (2) because the examination of title done was done solely for Stewart Title's own benefit, no cause of action accrued in favor of Spring Garden, (3) Dover was not Stewart Title's agent, and (4) Reliance was Stewart Title's agent for only certain limited purposes, including issuing title insurance commitments and title insurance policies, and was not Stewart Title's agent for any other purpose, including any escrow matters such as the way the closing was handled.

The trial court granted Stewart Title's motion for summary judgment without specifying the particular ground on which it relied. Therefore if any ground is found to be meritorious, this Court will affirm. *Carr,* 776 S.W.2d at 569.

### Were Reliance and Dover Stewart Title's agents?

Stewart Title urges that summary judgment in its favor was proper because its agency relationship with Reliance and Dover did not extend to the acts forming the basis of Spring Garden's cause of action. In its petition, Spring Garden alleges that Stewart Title is liable for the acts and omissions of Reliance and Dover under the theory of agency and that Stewart Title ratified their acts. There is no contention that Stewart Title acted in concert with Reliance and Dover to defraud Spring Garden.

■ A principal is liable for the acts of its agent when the agent has actual or apparent authority to do those acts or when the principal ratifies those acts. *See Currey v. Lone Star Steel Co.,* 676 S.W.2d 205, 209 (Tex.App.—Fort Worth 1984, no writ) (actual and apparent authority); *Little v. Clark,* 592 S.W.2d 61, 64 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.) (ratification). "Actual" authority, which includes both express and implied authority, usually denotes that authority a principal 1) intentionally confers upon an agent, 2) intentionally allows the agent to believe that he possesses, or 3) allows the agent to believe that he possesses by want of due care. *Currey,* 676 S.W.2d at 209–10; *Behring Int'l Inc. v. Greater Houston Bank,* 662 S.W.2d 642, 649 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). "Implied" actual authority exists only as an adjunct to express actual authority, *Behring,* 662 S.W.2d at 649, because implied authority is that which is proper, usual, and necessary to the exercise of the authority that the principal expressly delegates. *Employers Casualty Co. v. Winslow,* 356 S.W.2d 160, 168 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.).

### Actual Authority

■ Stewart Title argues that Dover was not its agent, pointing to the fact that it had no contractual relationship with him. We disagree. Because Dover was the employee and agent of Reliance, Stewart Title is liable for the acts of Dover in this lawsuit to the

---

**2.** In a separate lawsuit, Spring Garden has sued Wadkins, Bee, Reliance, and Dover on similar causes of action.

extent that it is liable for the acts of Reliance as its agent.

Stewart Title contends that Reliance was its agent "only for certain limited purposes, including issuing title insurance commitments and title insurance policies, and was not Stewart's agent for any other purpose...." This premise is extended to support the conclusion that Reliance had no actual authority, express or implied, to act on Stewart's behalf in any misrepresentation made to Spring Garden. Stewart Title bases its argument on *Cameron County Savings Ass'n v. Stewart Title Guaranty Co.*, 819 S.W.2d 600 (Tex.App.—Corpus Christi 1991, writ denied).

In *Cameron County,* an investor borrowed $943,000 from the lender to purchase real property, having represented that the purchase price was $1,335,000. In reality, the lender financed the entire transaction. The lender sued Stewart Title Guaranty Company, alleging that Stewart's agent, Valley Abstract, had manipulated the closing documents to conceal the borrower's lack of down payment and that the lender had relied on the closing documents to its detriment. The Corpus Christi court was faced with the issue of whether Valley Abstract was Stewart's agent for the closing of the entire real estate transaction or just for the issuance of the title policy.

One of Stewart's officers stated by affidavit that 1) Valley Abstract was not, and never had been, Stewart's agent for any purpose other than executing title policies, 2) that Stewart conducted no business other than title insurance, and 3) that it and the lender had no contract regarding the loan or the reliability or trustworthiness of Valley Abstract. He further stated that Valley Abstract was not authorized to act on Stewart's behalf in conducting the details of loan transactions and that any actions taken by Valley Abstract other than issuance of a title policy were on its own behalf. Attached to his affidavit was a copy of the contract appointing Valley Abstract Stewart's agent for executing land title insurance policies. Based on

this evidence, the court concluded that Valley Abstract had no actual authority, express or implied, to receive and disburse escrow funds or to close real estate sales on Stewart's behalf.

The holding in *Southwest Title Insurance Co. v. Northland Building. Corp.,* 552 S.W.2d 425 (Tex.1977) provides support for the *Cameron County* reasoning. In that case, a title insurance company was absolved of liability for errors committed in the disbursement of funds at a loan closing. The supreme court wrote

> [t]he arguments in the case confuse the closing of a title insurance contract and the closing of the entire transaction ... which required the satisfaction of numerous conditions—including the acquisition of estoppel letters from Citizens State Bank. There is no evidence in this record that Southwest Title conducts any business other than the issuance of title insurance or that it authorized [the closer] or anyone to conduct and accept responsibility for the details and conditions of loan transactions.

*Id.* at 428.

■ In the case before us, George D. Barnett, Vice President/Counsel and Gulf Coast District Manager for Stewart Title Guaranty Company, attached to his affidavit in support of motion for summary judgment a copy of the agency agreement between Stewart Title and Reliance. This contract provides that "[Stewart Title] hereby appoints [Reliance], to execute title policies on land located in Harris County, Texas, in the name of [Stewart Title], and [Reliance] shall represent [Stewart Title] in said county." Mr. Barnett testified by affidavit that Reliance "was not authorized to perform any acts on behalf of Stewart Title Guaranty Company other than those set forth [in the] Agency Agreement" and that "Reliance Title Company did not act as agent for Stewart Title Guaranty Company except as set forth in [the] Agency Agreement."

■ We find that Reliance and its agent Dover had no actual authority, express or

implied, to act on behalf of Stewart Title in its dealings with Spring Garden before and at the closing of the sale of the Property. Reliance was authorized only to issue title insurance policies on behalf of Stewart Title and to collect premiums due. The agency agreement empowers Reliance to bind Stewart Title only after the issuance of a title policy, whereupon Stewart Title would become an indemnitor of the purchaser's title. Actions preceding the issuance of the policy, such as representations to a purchaser and details of a closing and disbursement of funds, do not implicate a company in Stewart Title's position whose only role is to indemnify title. *See 3Z Corp. v. Stewart Title Guar. Co.,* 851 S.W.2d 933, 937 (Tex.App.—Beaumont 1993, writ denied).

### Apparent Authority

Apparent authority is based on the doctrine of estoppel. "While actual authority is created by written or spoken words or conduct by the principal to the agent, apparent authority is created by written or spoken words or conduct by the principal to a third party." *Cameron County,* 819 S.W.2d at 603. One who seeks to bind a principal based on the apparent authority of its agent must show that the principal acted in such a way that a reasonably prudent person would believe that the agent had the authority to act as he did. *Biggs v. United States Fire Ins. Co.,* 611 S.W.2d 624, 629 (Tex.1981). A principal is bound even though the agent lacks actual authority when the agent acts within the scope of apparent authority. *Id.*

In *Cameron County,* the court found that Valley Abstract had no apparent authority to act as Stewart's agent. By deposition, one of the lender's officers testified that he did not rely on anything Stewart did or said in deciding whether to present the loan application to the loan committee. The closer testified that Valley Abstract, not Stewart, gave her approval and instructions concerning the transaction. *Cameron County,* 819 S.W.2d at 604.

We find that Reliance and its agent, Dover, had no apparent authority to

act as Stewart Title's agents. Stewart Title never issued an owner's title commitment to Spring Garden: the inaccurate title commitment was issued to Wirt 136 U, Ltd. One to whom a representation is not directed is not entitled to rely on that representation. *Westcliff Co., Inc. v. Wall,* 267 S.W.2d 544, 546 (Tex.1954). In a case involving a similar transaction, the Fort Worth Court of Appeals recently affirmed the *Westcliff* thesis. *Jefmor, Inc. v. Chicago Title Ins. Co.,* 839 S.W.2d 161, 164 (Tex.App.—Fort Worth 1992, no writ).

We overrule all points of error on the grounds that because Stewart Title established as a matter of law, by competent summary judgment evidence, that Reliance and Dover were not its agents for the transactions complained of, Spring Garden has stated no cause of action against Stewart Title.

We affirm the judgment of the trial court.