Opinion issued April 6, 2006 







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01147-CV




TALLEY CONSTRUCTION COMPANY, Appellant

V.

ALFONSO RODRIGUEZ, CHRIS BRAUGHTON, AND GENE
ROBERTSON, Appellees







On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2002-51985 




MEMORANDUM OPINION ON REHEARING
          Talley Construction Company has filed a motion for rehearing of our opinion
issued on January 5, 2006. A response was received from appellee, Alfonso
Rodriguez. After due consideration, we grant rehearing, withdraw our opinion and
judgment of January 5, 2006, and issue the following opinion and judgment in their
stead.
          Appellant, Talley Construction Company (the company), appeals the judgment
rendered in favor of appellee, Alfonso Rodriguez, on Rodriguez’s breach of contract
claim relating to payment for painting services he provided to the company. Trial
was to the court, which filed findings of fact and conclusions of law. The company
presents seven issues that challenge the following: (1) the finding of damages; (2)
the legal and factual sufficiency of the evidence to support the finding of breach of
contract; (3) the legal and factual sufficiency of the evidence to support the finding
of quantum meruit; (4) the finding that the company ratified the hiring of Rodriguez;
(5) the finding that Chris Braughton had actual or apparent authority to hire
Rodriguez; (6) the legal and factual sufficiency of the evidence to support the finding
of fraud; and (7) the granting of prejudgment interest at the rate of 18 percent. In its
eighth issue, the company contends that the trial court erred by failing to find a breach
of the non-compete agreement on the company’s counterclaim against Gene
Robertson. We affirm. 
Background
          David Talley was the owner of the company. In Spring 2002, Rodriguez, a
subcontractor who provides painting services, left his business cards at the company
office. Afterwards, Chris Braughton, a subcontractor working as a supervisor and
superintendent for the company, contacted Rodriguez, told him that he received the
business card that Rodriguez left at the office, and offered him work. Rodriguez
accepted the offer and completed numerous projects at Braughton’s request. 
          The parties’ procedure for the assignment of and payment for a task was as
follows: Braughton would provide Rodriguez with the address of a house at which
the two would meet. The two men would walk through the house and determine the
work to be done by Rodriguez and the price to be paid for the work. After this “walk-through,” Braughton would fill out a work order on an estimator’s sheet on which the
company’s name was printed. Upon completion of a project, Rodriguez would
contact Braughton and inform him of the amount due for the work he had completed
during the week. Braughton would report Rodriguez’s requests for payment to the
company and submit a check request on Rodriguez’s behalf. The company would
then review the check request, confirm that the work had been completed, approve
the check request, and send a check directly to Rodriguez. The dispute here concerns
payments owed to Rodriguez for labor and material Rodriguez performed on six
houses that the parties refer to as the Craig, Ekonomou, Hurst, Johnson, Lindsey, and
Weldon projects.
          In June 2002, after Braughton stopped working for the company, Rodriguez
requested payment directly from the company for outstanding costs for labor and
material he provided for the six painting projects. The company refused to pay, and
Rodriguez sued the company for breach of contract to recover the remaining balances
owed to him for labor and material on the six projects. The trial court found for
Rodriguez on the breach of contract claim and awarded him $10,027.98 in damages;
$1,498.42 in prejudgment interest, calculated at the rate of 18 percent; $15,000 in
attorney’s fees through trial; and $7,000 in attorney’s fees for an appeal to the court
of appeals. Although Rodriguez also sued the company for negligence, quantum
meruit, misapplication of trust funds, and statutory fraud, the trial court’s judgment
addressed only the breach of contract claim.Breach of Contract
          In its second issue, the company contends that the evidence is legally and
factually insufficient to support the trial court’s judgment on Rodriguez’s breach of
contract claim because Rodriguez failed to submit any evidence as to any elements
of the existence of a valid contract between the company and Rodriguez. 
          Findings of fact in a case tried to the court have the same force and effect as
a jury’s verdict on questions and are reviewable for legal and factual sufficiency.
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Min v. Avila, 991
S.W.2d 495, 500 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The trial court’s
conclusions of law are reviewable de novo. McDermott v. Cronin, 31 S.W.3d 617,
623 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
          When, as here, the appellate record contains a complete reporter’s record of the
trial, the trial court’s findings of fact are not conclusive, but subject to the same, well-settled standards that govern legal and factual sufficiency challenges to jury findings. 
Comm’n of Contracts v. Arriba, Ltd., 882 S.W.2d 576, 582 (Tex. App.—Houston [1st
Dist.] 1994, no writ); In the Interest of M.J.Z., 874 S.W.2d 724, 728 (Tex.
App.—Houston [1st Dist.] 1994, no writ). In analyzing legal sufficiency of the
evidence to support findings on which Rodriguez had the burden of proof, therefore,
we consider only the evidence and inferences tending to support the challenged
finding and disregard all inferences to the contrary. See Alm v. Aluminum Co. of Am.,
717 S.W.2d 588, 593 (Tex. 1986); Arriba, 882 S.W.2d at 582. If any evidence of
probative force supports the finding, we must overrule the challenge and uphold the
finding. S. States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989); Arriba,
882 S.W.2d at 582. In reviewing this challenge, we first examine the record for
evidence that supports the trial court’s finding and disregard contrary evidence. See
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). If no evidence
supports the finding, we then examine the entire record to determine whether it
establishes the contrary proposition as a matter of law. Id. 
          In determining factual sufficiency of the evidence to support findings on which
Rodriguez had the burden of proof, we must weigh all the evidence, both supporting
and conflicting with the finding, and may set the finding aside only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King’s Estate, 244
S.W.2d 660, 661 (Tex. 1951); Arriba, 882 S.W.2d at 582. In reviewing this
challenge, we again examine the evidence to determine whether some evidence
supports the trial court’s finding. See Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983). If some evidence supports the finding, we determine, in light of the
entire record, whether the finding is so contrary to the great weight and
preponderance of the evidence that the finding is clearly wrong and manifestly unjust,
or whether the great weight and preponderance of the evidence supports nonexistence
of the finding. Cain, 709 S.W.2d at 176. 
          The elements of a breach of contract claim are (1) the existence of a valid
contract between plaintiff and defendant, (2) the plaintiff’s performance or tender of
performance, (3) the defendant’s breach of the contract, and (4) the plaintiff’s damage
as a result of the breach. Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631,
636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). The elements of a valid
contract are (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each
party’s consent to the terms, and (5) execution and delivery of the contract with the
intent that it be mutual and binding. Id.
          The company contends that the only evidence Rodriguez presented was that the
company hired Braughton as an independent subcontractor to perform work on
various projects, and that Braughton thereafter hired Rodriguez to perform work as
Braughton’s employee. The company contends that this evidence negates the
existence of a contract between the company and Rodriguez because it shows that
Rodriguez was an employee of Braughton and not of the company. 
          In support of its contention that the evidence was legally and factually
insufficient to support the trial court’s finding of breach of contract, the company
directs us to the testimony of Talley, who stated that Braughton was a subcontractor
hired to be solely responsible for the work on all six of the projects in dispute, and
that Braughton hired Rodriguez as one of his own employees. The company further
suggests that the checks paid to Rodriguez by the company were for “other” work
Rodriguez performed for Braughton after Braughton submitted a request to pay
Rodriguez. The company also suggests that there was no evidence that the company
made an offer directly to Rodriguez. 
          The evidence presented in support of the trial court’s finding of a breach of
contract by the company reveals that (1) the company, not Braughton, approved of
and issued all payment checks directly to Rodriguez, (2) Rodriguez performed work
on all six of the disputed projects, (3) Talley admitted in his answers to
interrogatories that he hired Rodriguez to provide labor and materials on the Craig,
Ekonomou, Johnson, and Lindsey projects, (4) Talley stated his belief that Rodriguez
also worked on the Hurst and Weldon projects, (5) the company deducted, as business
expenses, funds from the payments it made to Rodriguez because Rodriguez did not
have his own liability insurance, and the deductions were pursuant to written
authorization by Rodriguez to make the deductions, (6) Rodriguez thought that he
was working for the company and not for Braughton and expected to receive all
payments from the company, not Braughton, (7) the company filed a document with
the Texas Worker’s Compensation Commission affirming that the company hired
Rodriguez as an independent contractor, (8) the company’s business records
contained Rodriguez’s W-9 taxpayer-identification number for reporting payments
made to Rodriguez to the Internal Revenue Service, (9) Braughton testified that he
was a company superintendent and that he had the authority to hire Rodriguez on
behalf of the company, (10) Braughton was listed as a superintendent in the
company’s business records, and (11) the company admitted that a company
superintendent has the authority to hire a painter.
          We hold that the record contains legally sufficient evidence to support the trial
court’s finding that the company breached its obligation to pay for the labor and
materials provided by Rodriguez, and that Rodriguez proved all elements for an
action for breach of contract. We further hold that the trial court’s finding is not so
contrary to the great weight and preponderance of the evidence that the finding is
clearly wrong and manifestly unjust, and, therefore, that the evidence is factually
sufficient to support the trial court’s finding. See Cain, 709 S.W.2d at 176.
          We overrule the company’s second issue.
Ratification and Agency
          In its fourth and fifth issues, the company challenges the legal and factual
sufficiency of the evidence to support the findings that the company ratified the hiring
of Rodriguez and that Braughton had actual or apparent authority to hire Rodriguez. 
Within its sufficiency of the evidence complaint, the company contends that the trial
court erred by admitting evidence concerning ratification, agency and authority,
because they were not pleaded by Rodriguez.
A.      Pleadings
          The company asserts that the trial court erred by admitting testimony pertaining
to ratification, agency and authority over its objections that asserted that the issues
had not been pleaded by Rodriguez and the issues were not tried by consent. 
          We review a trial court’s decision to exclude testimony under an abuse of
discretion standard. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 906
(Tex. 2000). The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules and principles. C.M. Asfahl Agency v. Tensor, Inc.,
135 S.W.3d 768, 798 (Tex. App.—Houston [1st Dist.] 2004, no pet.). We must
uphold an evidentiary ruling if there is any legitimate basis for it. Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 
          At trial, the company objected to Rodriguez’s attorney’s question posed to
Rodriguez that asked what Rodriguez understood Chris Braughton’s position to be
with the company. The company’s attorney objected to the question on the grounds
that Rodriguez’s pleadings stated that Braughton was a subcontractor only, and that
Rodriguez had not “pled agency.” The trial court overruled the objection and
Rodriguez testified, “I think he was doing a supervise or superintendent position.” 
Rodriguez’s attorney later asked Braughton, “When you engaged Alfonso, on whose
behalf were you hiring him?” The company’s attorney also objected that the question
“calls for a legal conclusion and has not been properly pled,” and Braughton
responded that he hired Rodriguez on behalf of “Talley Construction.”
          Although the company objected to the admission of testimony regarding the
agency and authority of Braughton, as set forth above, it did not object to admission
of testimony regarding ratification. Having failed to object to the admission of
testimony regarding ratification, the company has not preserved error on that issue
for review. See Tex. R. App. P. 33.1(a) (stating that to preserve error for review, party
must make proper objection, and trial court must make ruling on objection). We
therefore address only whether the trial court erred in overruling the company’s
objection at trial to the lack of pleadings and to the admission of testimony pertaining
to agency and authority.
          “Rules 45 and 47 of the Texas Rules of Civil Procedure require that pleadings
give fair notice of the claim asserted.” Paramount Pipe & Supply Co. v. Muhr, 749
S.W.2d 491, 494 (Tex. 1995). “Rule 45 mandates plain and concise language and
provides that the fact ‘[t]hat an allegation be evidentiary or be of legal conclusion
shall not be grounds for objection when fair notice to the opponent is given by the
allegations as a whole.’” Tex. R. Civ. P. 4; id. Rule 47 states, “An original pleading
which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain . . .a short statement of the cause of action
sufficient to give fair notice of the claim involved.” Tex. R. Civ. P. 47(a) (emphasis
added). The “fair notice” requirement for pleading, is “met if an opposing attorney
can ascertain the nature and basic issues of the controversy from the pleadings.” 
Hays County v. Hays County Water Planning P’ship, 69 S.W.3d 253, 258 (Tex.
App.—Austin 2002, no pet); see also Shirvanian v. DeFrates, 161 S.W.3d 102, 112
(Tex. App.—Houston [14th Dist.] 2004, no pet. h.). “The purpose of the fair notice
requirement is to provide the opposing party with sufficient information to enable him
to prepare a defense.” Paramount, 749 S.W.2d at 494. Consequently, “[r]ule 45 does
not require that the plaintiff set out in his pleadings the evidence upon which he relies
to establish his asserted cause of action.” See Tex. R. Civ. P. 45; Paramount, 749
S.W.2d at 494–95.
          The original petition, the live pleading in this case, was filed on October 8,
2002 and alleged causes of action for negligence, breach of contract, quantum meruit,
misapplication of trust funds, and statutory fraud. The pleadings that asserted a claim
for breach of contract stated, as follows:
Defendant defaulted in paying the debt on [sic] as due. Principal
of $10,027.98 and interest to maturity as allowed by law are due and
unpaid to Alfonso Rodriguez. The amount of $18,000 is due and unpaid
to Chris Braughton, together with interest as allowed by law. The
amount of $40,000 is due and unpaid to Gene Robertson, together with
interest as allowed by law. Plaintiffs had demanded that Defendant pay
this debt, but Defendant has not done so.
 
Defendant’s default has made it necessary for Plaintiffs to employ
the undersigned attorneys and to agree to pay the attorneys a reasonable
fee. This claim was timely presented to Defendant and remains unpaid. 
A reasonable fee for the attorneys’ services rendered and to be rendered
is at least $10,000.
 
The facts in the petition stated, as follows:
On or about the Spring and Summer of 2002, Plaintiff and
Defendant agreed that Defendant would pay Plaintiff, Alfonso
Rodriguez, agreed amounts to perform labor and or materials on certain
construction projects where Defendant was a general contractor. The
jobs and unpaid amounts are set forth on Exhibit A. The Defendant also
hired Chris Braughton and Gene Robertson to provide services in
connection with certain construction projects. The amounts due to them
are set forth on Exhibit B.
 
The Defendant entered into contracts with homeowners and their
insurance carriers to provide repair services for the homeowners. The
Defendant hired the Plaintiffs to do work on such projects. The
Defendant, without notifying the Plaintiffs, either waived lien rights, or
failed to follow the steps necessary to allow workers to preserve their
statutory lien rights. The Defendant collected the construction money
from the homeowners, or their insurance carriers and failed to pay the
Plaintiffs’ [sic] in whole or in part.
 
All conditions to Plaintiff’s right to recover have occurred or been
performed.

          As shown above, the facts in the petition stated that “Plaintiff and Defendant”
entered into an agreement that the company would pay Rodriguez, but the petition
also stated that, “[T]he singular noun ‘Plaintiff’ in this pleading includes all Plaintiffs
listed above,” who were listed as “Alfonso Rodriguez, Individually, Chris Braughton
and Gene Robertson, Individually, Plaintiffs.” The underlying facts in the petition,
therefore, notified the company that the dispute concerned its agreement to pay
Rodriguez. Additionally, the underlying facts notified the company that the
agreement was with “Plaintiff,” as defined in the pleadings as Alfonso Rodriguez,
Individually, Chris Braughton and Gene Robertson, Individually. The facts in the
pleadings thus notified the company of the nature of the dispute, which was an
agreement by the company to pay Rodriguez, and the parties to the agreement with
the company, who were listed as Rodriguez, Braughton and Robertson. The company
could ascertain from the pleadings the nature and basic issues of the controversy from
these facts underlying the breach of contract pleadings. See Shirvanian, 161 S.W.3d
at 112; Hays County, 69 S.W.3d at 258). 
          We therefore conclude that although the breach of contract pleadings did not
specifically refer to the agency and authority of Braughton to enter into an agreement
with the company, the facts underlying the pleadings referred to Braughton as a
person who had entered into the agreement with the company for a debt due to
Rodriguez. We further conclude that the company had sufficient notice to enable it
to prepare a defense. See Tex. R. Civ. P. 47(a); Paramount, 749 S.W.2d at 494;
Shirvanian, 161 S.W.3d at 112; Hays County, 69 S.W.3d at 258. Moreover, although
the pleadings did not state that the breach of contract claim was premised on evidence
that an agent of the company entered into the contract with Rodriguez, evidence to
be presented at trial need not be included in the original petition. See Tex. R. Civ.
P. 45 (stating “[r]ule 45 does not require that the plaintiff set out in his pleadings the
evidence upon which he relies to establish his asserted cause of action.”); see also
Paramount, 749 S.W.2d at 494–95.
          The record further demonstrates that the parties filed a joint, proposed trial-preparation order signed by counsel for both Rodriguez and the company before the
start of trial. See Tex. R. Civ. P. 166 (authorizing pretrial conference and ensuing
order by trial court to assist in disposition of case, including ruling on pending
exceptions and narrowing of contested issues of fact, and entry of order limiting
issues for trial and controlling course of action at trial). The parties joint, proposed
trial-preparation order here included both parties’ proposed findings of fact and
conclusions of law. Rodriguez’s proposed findings of fact and conclusions of law
included findings regarding agency, and authority, which reflect that the agency and
authority of Braughton, if any, were contested issues of fact. The parties joint,
proposed trial-preparation order that included findings regarding agency and authority
further supports the trial court’s ruling to allow evidence concerning agency and
authority because the order further demonstrates that the company had fair notice that
Rodriguez would assert the agency and authority of Braughton at trial. See Tex. R.
Civ. P. 47(a); Paramount, 749 S.W.2d at 494; Shirvanian, 161 S.W.3d at 112; Hays
County, 69 S.W.3d at 258. 
          We hold that the trial court did not act without reference to any guiding rules
and principles, see C.M. Asfahl Agency, 135 S.W.3d at 798, by overruling the
company’s evidentiary complaints because the company had fair notice from the
original petition of the nature of the controversy, a breach of contract, which would
enable the company to prepare a defense. See Tex. R. Civ. P. 47(a).
B.      Legal and Factual Sufficiency
          The company contends that the evidence is legally and factually insufficient
to support the trial court’s findings that (1) the company ratified the hiring of
Rodriguez to provide labor and materials on the six projects, and (2) Braughton had
actual or apparent authority to hire Rodriguez.
          A principal is liable for the acts of its agent when the agent has actual or
apparent authority to perform those acts, or when the principal ratifies those acts. 
Spring Garden 79U, Inc. v. Stewart Title Co., 874 S.W.2d 945, 948 (Tex.
App.—Houston [1st Dist.] 1994, no writ); see Currey v. Lone Star Steel Co., 676
S.W.2d 205, 209 (Tex. App.—Fort Worth 1984, no writ) (actual or apparent
authority); Little v. Clark, 592 S.W.2d 61, 64 (Tex. Civ. App.—Fort Worth 1979, writ
ref’d n.r.e.) (ratification); see also Cadle Co., v. Morgan, No. 01-03-01020-CV, 2005
WL 856901, at *2–5 (Tex. App.—Houston [1st Dist.] April 14, 2005, no pet. h.)
(same). 
          Actual authority, which includes both express and implied authority, usually
denotes authority that a principal (1) intentionally confers upon an agent, (2)
intentionally allows the agent to believe that he possesses, or (3) allows the agent to
believe that he possesses by want of due care. Spring Garden, 874 S.W.2d at 948;
Currey, 676 S.W.2d at 209–10; Behring Int’l, Inc. v. Greater Houston Bank, 662
S.W.2d 642, 649 (Tex. App.—Houston [1st Dist.] 1983, writ dism’d by agr.). 
Express authority exists when the principal has made it clear to the agent that the
principal wants the act under scrutiny to be done. City of San Antonio v. Aguilar, 670
S.W.2d 681, 683 (Tex. App.—San Antonio 1984, writ dism’d w.o.j. in part and writ
ref’d n.r.e. in part). Implied authority exists when there is no proof of express
authority, but appearances justify a finding that, in some manner, the agent was
authorized to do what he did; in other words, there is circumstantial proof of actual
authority. Id. at 683–84. Implied actual authority exists only as an adjunct to express
actual authority, Behring, 662 S.W.2d at 649, because implied authority is that which
is proper, usual, and necessary to the exercise of the authority that the principal
expressly delegates. Employers Cas. Co. v. Winslow, 356 S.W.2d 160, 168 (Tex. Civ.
App.—El Paso 1962, writ ref’d n.r.e.).
          As a general proposition, the law does not presume agency. Buchoz v. Klein,
184 S.W.2d 271, 271 (Tex. 1944). The individual alleging agency has the burden to
prove its existence. Id. Therefore, it was Rodriguez’s burden to prove the existence
of an agency relationship between the company and Braughton. The company
contends that the evidence is legally and factually insufficient to establish that
Braughton had actual authority to bind the company because Talley testified that he
neither authorized, nor allowed Braughton to believe, that Braughton had the
authority to hire Rodriguez as a painter. 
          The record shows that the company’s business files list Braughton as a
company superintendent, and that company superintendents have authority to hire
painters on the company’s behalf. Furthermore, Braughton testified that he was hired
as a superintendent, and that he typically received authority from a company estimator
to hire extra subcontractors, such as Rodriguez, on behalf of the company. 
Additionally, Braughton believed he had the authority, as a company superintendent,
to hire a painter. See Austin Area Teachers Fed. Credit Union v. First City
Bank-N.W. Hills, N.A., 825 S.W.2d 795, 799 (Tex. App.—Austin 1992, writ denied)
(considering agent’s belief that action was authorized in finding implied authority). 
Lastly, Braughton testified that, in his role as a company superintendent, he hired
Rodriguez as a painter on behalf of the company. 
          Under this record, the trial court could have reasonably concluded that
evidence of probative force supported a finding that Braughton possessed the actual
authority to contract with Rodriguez on the company’s behalf. We therefore hold that
the evidence is legally sufficient. Although Talley’s testimony that he did not give
Braughton actual authority to hire Rodriguez is some evidence weighing in the
company’s favor, the testimony does not render the trial court’s finding that
Braughton had actual authority against the great weight and preponderance of the
evidence. See Cain, 709 S.W.2d at 176. 
          Because we have found legally and factually sufficient evidence to support the
trial court’s finding that Braughton had actual authority to bind the company, we
overrule the company’s fifth issue without need to address the legal and factual
sufficiency of the evidence to support the apparent authority or ratification theories.
Request for Disclosures
          In its first issue, the company contends that the trial court erred by awarding
$10,027.98 in damages because Rodriguez failed to comply with the company’s
discovery requests concerning the method of calculation for his damages. The
company contends that Rodriguez’s testimony about damages should have been
excluded.
          As noted above, we review a trial court’s decision to exclude testimony under
an abuse of discretion standard and uphold an evidentiary ruling if there is any
legitimate basis for it. Owens-Corning, 972 S.W.2d at 43; Horizon, 34 S.W.3d at
906. A party may request discovery for disclosure of the amount and any method of
calculating economic damages. Tex. R. Civ. P. 194.2(d). A party’s failure to comply
adequately with a discovery request does not automatically result in the exclusion of
evidence at trial. Tex. R. Civ. P. 193.6(a). Rule 193.6(a) states as follows:
[A] party who fails to make, amend, or supplement a discovery response
in a timely manner may not introduce in evidence the material or
information that was not timely disclosed, offer the testimony of a
witness (other than a named party) who was not timely identified, unless
the court finds that: (1) there was good cause for the failure to timely
make, amend, or supplement the discovery response; or (2) the failure
to timely make, amend, or supplement the discovery response will not
unfairly surprise or unfairly prejudice the other parties.

Tex. R. Civ. P.193.6(a). The burden of establishing good cause, lack of unfair
surprise, or lack of unfair prejudice is on the party seeking to introduce the evidence
or call the witness. Tex. R. Civ. P.193.6(b). Additionally, a finding of good cause,
lack of unfair surprise, or lack of unfair prejudice must be supported by the record. 
Id. The trial court may grant a continuance or postpone a trial temporarily to allow
discovery regarding the matter not timely identified during discovery. Tex. R. Civ.
P.193(c).
          The record shows that the company’s attorney objected during the testimony
of Rodriguez, as follows:
Rodriguez’s attorney: Alfonso, let me direct your attention to
Exhibit 1 and I’d like to go through each of
these different homeowners and those projects
just for a moment and go over them one-by-one with you. On the Janet Craig job, how
did you arrive at the figure of $4,500?
 
Company’s attorney: Your honor, I’m going to object to anything -
- him testifying to how he arrived at it
because we’ve asked for those documents. I
asked him in disclosures how he calculated
and I have not been provided any
documentation as to how he arrived at $4,500. 

The company’s attorney explained that although she requested discovery from
Rodriguez concerning “any method of calculating” his economic damages, Rodriguez
merely responded that “Alfonso Rodriguez seeks to recover $10,027.98, the balance
due from the amount the Defendant agreed to pay him for certain jobs after credits for
payments made and for additional work.” The company’s attorney asserted that she
had never been provided with any documentation or explanation concerning the
$4,500 figure and objected, asserting that Rodriguez should not be permitted to “go
into the details of how he arrived at something when it has not been disclosed to me.”
          Rodriguez’s attorney responded that he believed that he had adequately
complied with the company’s discovery requests because the $4,500 amount 
concerned an oral agreement for that amount, not a written agreement, and the details
of the reasons for the $4,500 amount were provided to the company in Plaintiff’s
Exhibit 1—a letter dated August 20 sent to the company’s attorney and attached to
the original petition. Rodriguez’s attorney represented to the trial court that
Rodriguez intended to testify consistently with the figures in the August 20 letter that
was marked as Plaintiff’s Exhibit 1. 
          The August 20 letter states as follows:
Listed below is the detailed information on the work authorized to be
performed by Alfonso Rodriguez. 

          Re: Janet Craig - 3635 Underwood
 
                    Labor and Material:         $4,500.00
Pmt:5-15 #19394 $ 288.00
Pmt: 5-30 #19641$ 192.00
Balance Due: $4,020.00
 
          Description:           Sheet rock repair, texture, and paint walls, ceiling and
wood in master bedroom, 2 hall ways, 2 bedrooms, dining
room; remove carpet.
 
Comment: This is the balance due on the original job.

The remainder of the letter contained a similar description of the work performed and
the debt due for five other sites, totaling $10,027.98 for the debt due for the work at
issue performed by Rodriguez, including the $4,020 debt due for the Craig project.
          The trial court overruled the company’s objection. Rodriguez then testified
that the figure of $4,500 on the Craig project was reached by an oral agreement
between him and Braughton, that he received two payments from the company toward
this debt, but that the unpaid balance for the work was $4,020. The trial court also
overruled the company’s similar objections to Rodriguez’s testimony about the other
jobs listed on the August 20 letter. 
          Assuming without deciding that Rodriguez’s answer to the discovery
interrogatory that asked for “any method of calculating” Rodriguez’s economic
damages was incomplete, the record shows that the trial court did not abuse its
discretion by allowing Rodriguez’s testimony concerning his damages. The record
shows that Rodriguez included the August 20 letter to the company with his original
petition. The record also shows that the August 20 letter included the details of the
oral agreement such as the name of the person and address where the work was done,
the oral agreement pertaining to the cost for labor and material, a list of the payments
received for the work, the balance left unpaid for the work, a detailed description of
the work actually done at the location, and any comments about the work. The record
further shows that Rodriguez’s testimony was consistent with the representations of
the debt made in the August 20 letter. Under these circumstances we cannot conclude
that the trial court acted without reference to any guiding rules and principles by
allowing Rodriguez’s testimony about his economic damages. See C.M. Asfahl
Agency, 135 S.W.3d at 798. We further conclude that the record supports a finding
by the trial court that the company was not unfairly surprised or unfairly prejudiced
by the evidence introduced at trial, which was a legitimate basis for the trial court to
allow the testimony regarding economic damages. See Tex. R. Civ. P.193.6(b);
Owens-Corning, 972 S.W.2d at 43. We thus hold that the trial court did not abuse its
discretion by allowing the admission of evidence concerning economic damages. 
          We overrule the company’s first issue.
 

Quantum Meruit
          In its third issue, the company contends that the evidence is legally and
factually insufficient to support the trial court’s judgment on Rodriguez’s quantum-
meruit claim. The trial court’s judgment, findings of fact, and conclusions of law
demonstrate that the trial court based its judgment on the company’s breach of
contract claim, as opposed to Rodriguez’s quantum-meruit claim. Therefore, we need
not address this issue. See Murray v. Crest Constr., Inc., 900 S.W.2d 342, 345 (Tex.
1995) (holding that recovery based on an express contract and on quantum meruit are
inconsistent); see also Scharer v. John’s Cars, Inc., 776 S.W.2d 228, 231 (Tex.
App.—El Paso 1989, writ denied) (stating, “Breach of contract and quantum-meruit
theories are mutually exclusive; one rules out the other.”). 
          We overrule the company’s third issue.
Fraud
          In its sixth issue, the company contends that the evidence is legally and
factually insufficient to support the trial court’s judgment on Rodriguez’s fraud claim. 
However, the trial court’s judgment, findings of fact, and conclusions of law
demonstrate that the trial court did not render judgment against the company on
Rodriguez’s fraud claim. Therefore, we need not address this issue. 
          We overrule the company’s sixth issue.
 

Prejudgment Interest
          In its seventh issue, the company contends that the trial court erred by awarding
$1,498.42 as prejudgment interest at the rate of 18 percent from October 8, 2002 to
July 6, 2003. The company argues that Rodriguez did not properly plead the rate
allowed by the trial court, and contends that there is no basis in law to support the
granting of 18 percent in prejudgment interest.
          As the company acknowledges in its brief, section 28.004 of the Property Code
authorizes prejudgment interest at the rate of 18 percent. See Tex. Prop. Code Ann.
§ 28.004 (Vernon 2000). Prejudgment interest is recoverable as a matter of right
when an ascertainable sum of money is determined to have been due and payable at
a definite date prior to judgment. Jarrin v. Sam White Oldsmobile Co., 929 S.W.2d
21, 24 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Further, prejudgment
interest authorized by statute may be predicated on a prayer for general relief. 
Olympia Marble & Granite v. Mayes, 17 S.W.3d 437, 441 (Tex. App.—Houston [1st
Dist.] 2000, no pet.). Because the plaintiff is entitled to prejudgment interest based
on a claim for general relief alone, a plaintiff need not specifically plead prejudgment
interest if the claim falls within the scope of a statute authorizing prejudgment
interest. Id. (citing Benavidez v. Isles Constr. Co., 726 S.W.2d 23, 25 (Tex. 1987)
(stating that “as a general rule plaintiffs are required to plead for prejudgment interest
sought at common law as an element of damages, whereas statutory or contractual
interest may be predicated on a prayer for general relief.”)). Here, the company does
not contend, and the record does not demonstrate, that Rodriguez did not assert a
claim for general relief. We therefore conclude that the trial court did not err when
it granted Rodriguez 18 percent in prejudgment interest.
          We overrule the company’s seventh issue.
Non-Compete Agreement
          In its eighth issue, the company contends that the evidence is factually
insufficient to support the trial court’s rendering a take-nothing judgment against
Robertson on the company’s claim that Robertson breached a non-compete
agreement. The company contends that Robertson’s breach caused damage to the
company in the amount of $1,000,000.


 
          To prove a breach of a covenant not to compete, an employer must present
evidence that the employee breached the covenant not to compete. See Butler v.
Arrow Mirror & Glass, Inc., 51 S.W.3d 787, 795–96 (Tex. App.—Houston [1st
Dist.], no pet.) (holding injunction was proper because employee started his own
company in competition with his former employer in violation of covenant not to
compete). A reviewing court must consider whether the employee breached the
covenant not to compete on a case-by-case basis, depending on the particular terms
of the covenant. See id.
          In March 2001, the company hired Robertson as an estimator. As a condition
of employment, Robertson signed a non-compete agreement in which he promised not
to contact the company’s clients and not to compete within 100 miles of the company. 
Robertson worked for the company until June 2002, when the company terminated
him.
          At trial, Robertson admitted that he signed the non-compete agreement. In
support of the company’s claim against Robertson, Talley testified that Robertson
contacted State Farm Insurance, a company client, and admitted doing business with
State Farm. Talley also testified that a “good” estimator “should” earn $1 million for
the company, and that the company would lose $1 million if an estimator left and
competed with the company. There was no testimony, however, concerning (1) the
scope or duration of Robertson’s alleged contacts or business dealings with State
Farm, (2) where the alleged contacts or business dealings took place, or (3) how far
from the company headquarters the alleged business dealings or contacts took place. 
Furthermore, besides generally stating that an estimator “should” earn $1 million for
the company and that the company’s damages would be $1 million if an estimator
competed within 100 miles, the company did not sufficiently detail the correlation
between the expected earnings of an estimator and the company’s alleged damages. 
          This Court may not second guess or substitute our judgment for that of the trier
of fact. Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986); Cain, 709 S.W.2d
at 176. We cannot say that the trial court’s failure to find a breach of the non-compete agreement is so contrary to the great weight and preponderance of the
evidence that the finding is clearly wrong and manifestly unjust. See Cain, 709
S.W.2d at 176, and therefore hold that the evidence is factually sufficient to support
the trial court’s finding. 
          We overrule the company’s eighth issue.
Conclusion
          We affirm the judgment of the trial court.                                               



                                                             Elsa Alcala
                                                             Justice 
Panel consists of Justices Taft, Alcala, and Higley.