# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00291-CV

**Badger Tavern, L.P., Appellant**

**v.**

**Glenn Hegar, Comptroller of Public Accounts of The State of Texas;**
**and the Office of the Comptroller of Public Accounts of The State of Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-17-003415, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal brought by Badger Tavern, L.P., complaining of the trial court's partial grant of the plea to the jurisdiction filed by the Comptroller of Public Accounts and the Office of the Comptroller of Public Accounts (collectively, Comptroller). Badger Tavern complains that its dismissed claim alleged a valid Administrative Procedure Act (APA) rule challenge to a "pronouncement" by the Comptroller in the Texas Register that the Comptroller will retroactively enforce its amended rule 3.722(i)(4), pertaining to the record-keeping requirements for the collection of fees imposed on sexually oriented businesses. *See* Tex. Gov't Code § 2001.038(a) (authorizing rule-challenge suit); 34 Tex. Admin. Code § 3.722(i)(4) (Comptroller of Public Accounts, Sexually Oriented Business Fee). We will reverse the trial court's partial grant of the Comptroller's plea to the jurisdiction and remand the dismissed cause to the trial court for further proceedings.

## BACKGROUND

Badger Tavern operates a Dallas strip club, which is subject to the payment of a sexually oriented business (SOB) fee. *See* Tex. Bus. & Com. Code § 102.052(a) ("A fee is imposed on a sexually oriented business in an amount equal to $5 for each entry by each customer admitted to the business."). This proceeding concerns the Comptroller's 2017 amendments to its rule 3.722 that administers the SOB fee, specifically the record-keeping requirements to which SOBs are subject. The amended rule provides: "Records required by the comptroller must be kept for at least four years after the date on which the records are prepared, and throughout any period in which any tax, fee, penalty, or interest may be assessed, collected, or refunded by the comptroller or in which an administrative hearing or judicial proceedings is [sic] pending, unless the comptroller authorizes in writing a shorter retention period." *See* 34 Tex. Admin. Code § 3.722(i)(4).

Prior to 2017, the rule made no references to periods during which an administrative hearing or judicial proceeding is pending, simply requiring records to be retained for at least four years: "Records required by the comptroller must be kept for at least four years after the date on which the records are prepared." *See* 33 Tex. Reg. 4907 (2008), *amended by* 42 Tex. Reg. 219 (2017). When the 2017 amendments were adopted and published in the Texas Register, they were accompanied by the following statement from the Comptroller: "Retroactive application. One commentator requested clarification on whether the Comptroller will apply the amendment retroactively. The comptroller will apply the revised section [rule 3.722] to all pending and future cases. . . . [T]he record-keeping requirement is a proper construction of the statute and articulates what has always been the law since 2011, when the Legislature amended Tax Code, § 111.0041."

2

*See* 42 Tex. Reg. 219, 223 (2017) (adopting amendments); *see also* Tex. Tax Code § 111.0041(b) ("A taxpayer is required to keep records . . . for more than four years throughout any period when . . . an administrative hearing is pending before the comptroller, or a judicial proceeding is pending, to determine the amount of tax, penalty, or interest that is to be assessed, collected, or refunded."); Tex. Bus. & Com. Code § 102.056 ("The provisions of Subtitle B, Title 2, Tax Code [entitled "Enforcement and Collection" of state taxes] apply to the administration, payment, collection, and enforcement of the [SOB] fee imposed by this chapter."). For the purposes of this litigation, Badger Tavern refers to the Comptroller's statement in the Texas Register that it will "apply the revised section to all pending and future cases" as the Comptroller's "retroactivity pronouncement."

After the rule amendments were published, Badger Tavern filed a lawsuit against the Comptroller seeking a declaration that the amended rule is invalid. *See* Tex. Gov't Code § 2001.038(a) ("The validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff."). Badger Tavern's live petition alleged that it "lawfully discarded records in reliance on Original Rule § 3.722's four-year retention requirement but has now been subjected to a retroactive record keeping requirement" with respect to a tax-protest suit that was already pending at the time of the rule's amendment.

Badger Tavern's live pleading asserted two "causes of action": (1) the Comptroller exceeded his statutory authority by promulgating a rule that requires retroactive record keeping, and (2) the Comptroller's record-keeping rule violates the Texas Constitution's prohibition against retroactive laws. *See* Tex. Const. Art. 1, § 16 ("No . . . ex post facto or retroactive law . . . shall be

3

made."). The trial court denied the Comptroller's plea as to the second cause of action but granted the plea as to the first. Badger Tavern appeals the dismissal of its first cause of action.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether the trial court has jurisdiction is a question of law, *Texas Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002), and we review the trial court's ruling on a plea to the jurisdiction de novo, *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In assessing a plea to the jurisdiction, we begin by considering the plaintiff's live pleadings and determine whether the facts alleged affirmatively demonstrate that jurisdiction exists. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). We may also consider evidence submitted to negate the existence of jurisdiction, but we need not do so here because the underlying jurisdictional facts are not disputed. *See id.* We construe the plaintiff's pleadings liberally, taking all factual assertions as true, and look to the plaintiff's intent. *Id.* A plea to the jurisdiction must be granted if the defendant affirmatively negates the existence of the court's jurisdiction. *Id.*

## DISCUSSION

In one issue, Badger Tavern contends that the trial court erred in granting the Comptroller's plea to the jurisdiction as to its first cause of action. Specifically, it argues that "the retroactivity pronouncement in the Texas Register is a rule that may be challenged" and that the trial court has jurisdiction to hear the merits of its statutory validity challenge to that "rule" in

addition to its constitutional validity challenge. As pleaded in its live petition, Badger Tavern's claim that the retroactivity pronouncement is invalid rests on its assertion that the "retroactive imposition of record keeping requirements contravenes the specific statutory language" of the Business and Commerce Code (which authorizes the SOB fee and delegates to the Comptroller the authority to set by rule the record-keeping requirements) because "there is no language [in the Business and Commerce Code] permitting the Comptroller to impose retroactive record keeping requirements." The Comptroller responds that (1) Badger Tavern did not plead in its live petition that the retroactivity pronouncement was a rule and thus cannot appeal that unasserted claim; (2) even if Badger Tavern's pleadings could be construed to have given fair notice of that claim, the retroactivity pronouncement does not constitute a rule under applicable law; and (3) in any event, Badger Tavern is not making a true validity or applicability challenge but merely an "as applied" or "application" challenge for which the APA does not waive the Comptroller's immunity.

We first address whether Badger Tavern adequately pleaded its challenge to the retroactivity pronouncement as a rule and whether the pronouncement constitutes a rule for section 2001.038 purposes. Our review of Badger Tavern's live petition leads us to conclude that it provided fair notice to the Comptroller of Badger Tavern's challenge to the retroactivity pronouncement. *See* Tex. R. Civ. P. 47(a) (requiring pleading setting forth claim for relief to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"); *Hays Cty. v. Hays Cty. Water Planning P'ship*, 69 S.W.3d 253, 258 (Tex. App.—Austin 2002, no pet.) ("Fair notice under the rules is met if an opposing attorney can ascertain the nature and the basic issues of the controversy from the pleadings."); *see also Creedmoor-Maha Water Supply Corp. v. Texas Comm'n*

5

*on Envtl. Quality*, 307 S.W.3d 505, 512 (Tex. App.—Austin 2010, no pet.) (noting that appellate courts construe pleadings liberally and look to pleader's intent in determining whether plaintiff has met initial burden of alleging facts that affirmatively demonstrate trial court's jurisdiction).  In the "Factual Background" section of its live petition, Badger Tavern alleged that "[t]he Comptroller provided in the Amended Rule § 3.722's publication in the Texas Register that it will apply retroactively."  Under the section entitled "First Cause of Action," Badger Tavern made the following relevant allegations:

- The Comptroller stated in the Amended Rule § 3.722's publication that the record keeping requirements track the requirements of Tex. Tax Code § 111.0041, which requires taxpayers to keep records for at least four years or when an administrative hearing or judicial proceeding is pending. [citation omitted]

- The Comptroller provided in the Amended Rule § 3.722's publication in the Texas Register that it will apply retroactively: "[t]he comptroller will apply the revised section to all pending and future cases." 42 Tex. Reg. 223 (2017). **This provision in the Rule publication is itself a Rule** under the definition of "rule" in Tex. Gov't Code § 2001.003(6), because it is a "state agency statement of general applicability that . . . implements, interprets, or prescribes law or policy" and because it is a "state agency statement of general applicability that . . . describes the procedure or practice requirements of a state agency." [citation omitted & emphasis added]

- The retroactive imposition of record keeping requirements contravenes the specific statutory language.  There is no language permitting the Comptroller to impose retroactive record keeping requirements. . . . **The statutes at issue should not be construed to allow retroactive application** absent a plain statement of the Legislature's intent to do so. [citation omitted & emphasis added]

These allegations, construed liberally, include facts that sufficiently provided the Comptroller with fair notice of Badger Tavern's contention that the retroactivity pronouncement is an invalid rule

6

under the APA, and we conclude that the Comptroller's contention that Badger Tavern is advancing on appeal a previously "unasserted claim" is without merit.

We additionally conclude that the retroactivity pronouncement constitutes a rule that is subject to challenge under section 2001.038. *See* Tex. Gov't Code § 2001.003(6) (defining "rule" to mean "a state agency statement of general applicability that: (i) implements, interprets, or prescribes law or policy; or (ii) describes the procedures or practice requirements of a state agency"); *El Paso Hosp. Dist. v. Texas Health & Human Servs. Comm'n*, 247 S.W.3d 709, 714 (Tex. 2008) (concluding that commission's cutoff date for submitting paid-claims data to determine Medicaid reimbursement rates was "rule" because it interpreted and applied particular statute and affected all hospitals receiving Medicaid reimbursements); *Teladoc, Inc. v. Texas Med. Bd.*, 453 S.W.3d 606, 620 (Tex. App.—Austin 2014, pet. denied) (concluding that Texas Medical Board's pronouncements in letter sent to health-care business "are tantamount to amendments to the existing text of" rule); *Combs v. Entertainment Publ'ns, Inc.*, 292 S.W.3d 712, 721 (Tex. App.—Austin 2009, no pet.) (concluding that letters Comptroller issued to fundraising firm constituted "rule" because they informed recipients of how Comptroller would enforce and construe tax statute concerning who is considered "sales agent"); *Texas Alcoholic Beverage Comm'n v. Amusement & Music Operators of Tex., Inc.*, 997 S.W.2d 651, 660 (Tex. App.—Austin 1999, pet. dism'd w.o.j.) (holding that statements contained in agency memoranda were "rules" because they imposed binding instructions affecting private rights of all similarly situated persons). As this Court has previously noted, the supreme court has instructed us to consider the intent of the agency, the prescriptive nature of the guidelines, and the context in which the agency statement was made when determining whether an

agency statement is a rule. *See Entertainment Publ'ns*, 292 S.W.3d at 722 (citing *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 443 (Tex. 1994)).

In this case, the retroactivity pronouncement is a statement by the Comptroller that informs the public of the Comptroller's intention to apply the new record-keeping requirement to "all pending cases," purportedly requiring persons with administrative or judicial proceedings already pending on the date the rule was amended to have maintained records since the proceedings began. The pronouncement is aimed at placing regulated SOBs on notice of the Comptroller's retroactive application of the amended record-keeping requirements and applies generally to all SOBs involved in pending proceedings. While the pronouncement appears in the same publication as the adoption of the amended rule itself, the pronouncement clarifies an ambiguity in the text of amended rule 3.722—i.e., whether SOBs with already-pending administrative or judicial proceedings on the date of the rule's adoption must have kept records since the time those proceedings began or whether they must keep records only from the date of the adopted new rule going forward. In other words, the retroactivity pronouncement is a Comptroller statement that applies to all SOBs with pending proceedings that interprets the new rule and prescribes the Comptroller's policy with respect to retroactive record keeping. Accordingly, the retroactivity pronouncement meets the APA's definition of a "rule." *See* Tex. Gov't Code § 2001.003(6).

We therefore turn to a consideration of whether Badger Tavern is making a proper validity challenge to the retroactivity pronouncement. Section 2001.038 authorizes only actions for declaratory judgment to determine either the "validity" or "applicability" of a rule "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with

8

or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code § 2001.038(a); *see LMV-AL Ventures, LLC v. Texas Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 125 (Tex. App.—Austin 2017, pet. denied). Badger Tavern concedes that it is not challenging the "applicability" of the rule but only its "validity." The Comptroller responds that Badger Tavern's contention that the rule exceeds the Comptroller's statutory authority is not a proper "validity" challenge but is, instead, an improper "application" challenge, for which section 2001.038 does not waive immunity. *See LMV-AL*, 520 S.W.3d at 124. We disagree with the Comptroller.

We glean from Badger Tavern's live petition that its primary allegation is that the Comptroller, as expressed in the retroactivity pronouncement, now requires SOBs with judicial or administrative proceedings pending on the date of the rule's amendment (including Badger Tavern) to have kept records from the date that the proceedings began through the amendment date even if the previous four-year retention requirement expired during that time, without any prior notice that such records must be kept.[1] It contends that the Comptroller's statement that it will apply the new rule retroactively—as manifested in the retroactivity pronouncement—exceeds the Comptroller's statutory authority, "contravenes the specific statutory language," and "imposes additional burdens, conditions, and restrictions in excess of or inconsistent with the statutory requirements." It further contends that the "statutes at issue should not be construed to allow retroactive application absent a plain statement of the Legislature's intent to do so." These allegations that the Comptroller promulgated retroactive rules in the absence of express statutory authority permitting such rules

---

[1] Badger Tavern alleged in its live petition that "Plaintiff lawfully discarded records in reliance on Original Rule § 3.722's four-year retention requirement" and "is impacted by the retroactive extension of the period for which records must be kept."

9

constitute challenges to the validity of the rule at issue. *See Office of Pub. Util. Counsel v. Public Util. Comm'n*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied) ("To establish the rule's facial invalidity, a challenger must show that the rule: (1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions."). We conclude that Badger Tavern's first "cause of action" alleges a proper challenge to the validity of the retroactivity pronouncement. Accordingly, we sustain Badger Tavern's sole issue.

## CONCLUSION

We conclude that the trial court erred in granting the Comptroller's plea to the jurisdiction as to Badger Tavern's first cause of action and, accordingly, reverse the trial court's partial grant of the Comptroller's plea to the jurisdiction and remand this cause to the trial court for further proceedings.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Reversed and Remanded

Filed: September 11, 2018

10